Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

**UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF NEW YORK**

**WILLIAM ENRIQUE SANCHEZ ALFARO**

Petitioner,

v.

**JUDITH ALMODOVAR**, Field Office Director of Enforcement and Removal Operations, New York City Field Office, Immigration and Customs Enforcement;
**Kristi NOEM,** Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY;
**HON. Pamela BONDI**, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
**RAUL MALDONADO, JR.,** Warden of Metropolitan Detention Center Brooklyn,

Respondents.

**PETITION FOR WRIT OF HABEAS CORPUS**

Case No.

## PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION:

1. Petitioner William Enrique Sanchez Alfaro petitions this Court to issue a Writ of Habeas Corpus, granting his petition and secure his immediate release from unlawful immigration detention. 28 U.S.C. § 2241.

2. On the morning of February 6, 2026, Petitioner was traveling to work in a vehicle with his father and a coworker. While en route, the vehicle stopped briefly at a gas station to purchase fuel and coffee. Without a warrant and without any alleged criminal conduct by Petitioner, officers from U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner at the gas station.

3. Petitioner is a twenty-five (25) year old noncitizen, native of El Salvador, who has resided in the United States since entering as an unaccompanied minor on or about July 15, 2018, through Texas.

4. In 2019, while still a minor, Petitioner affirmatively filed an Application for Asylum (Form I-589) with U.S. Citizenship and Immigration Services ("USCIS") and received receipts proving that the applications were filed. Exhibit "A". That application was never actually adjudicated on the merits. Instead, USCIS administratively closed the application without a final decision.

5. On April 22, 2022, USCIS approved Petitioner's Form I-360, Petition for Special Immigrant Juvenile Status ("SIJS") with a priority date of July 12, 2021. Exhibit "B".

6. Special Immigrant Juvenile Status (SIJS) is a humanitarian form of immigration relief available to certain noncitizen children present in the United States who have been abused, neglected, or abandoned by one or both parents. Upon approval by U.S. Citizenship and Immigration Services, a child granted SIJS becomes eligible to apply for lawful permanent resident status when a visa is available according to priority date.

7. On May 27, 2022, USCIS issued an amended approved Form I-360, Petition for Special Immigrant Juvenile Status ("SIJS") however, in this notice, USCIS granted Petitioner deferred action. Exhibit "C".

8. Detention or removal of an approved SIJS beneficiary who is eligible for deferred action would cause irreparable harm, as it would sever the child from the protections conferred by the state court's findings and undermine the I-360 petition already granted, while removal would effectively nullify the pending path to lawful permanent residence. Moreover, because the SIJS petition has already been approved and deferred action, the Petitioner demonstrates a strong likelihood of relief on the merits.

9. Petitioner's arrest and continued detention violate the Fifth Amendment's Due Process Clause, exceed DHS's statutory authority, and constitute arbitrary and capricious detention without legal justification.

10. Petitioner's continued detention violates his rights to substantive and procedural due process. Petitioner's continued detention is unlawful for at least two reasons. First, Petitioner's detention without a hearing on whether he constitutes a danger or a flight risk violates the procedural component of Due Process Clause of the Fifth Amendment. Second, because he has valid defenses to removal, including his qualification for asylum and withholding of removal and his approved I-360 SIJS petition.

11. Petitioner asks the Court to issue an order directing the government to "show cause why the writ [of habeas corpus] should not be granted" within three days. See 28 U.S.C. § 2243. Further, Petitioner asks the Court to issue a writ of habeas corpus by determining that his detention is not justified because (1) the government has not established by clear and convincing evidence that he presents a risk of flight or danger in light of available alternatives to detention; (2) his mandatory detention violates due process; or (3) he is being detained without statutory authorization. In the alternative, Petitioner asks the Court to issue a writ of habeas corpus and order his release forthwith. In the alternative, Petitioner

requests that this Court order an immigration judge to conduct a bond hearing at which the government bears the burden of proving flight risk and/or dangerousness by clear and convincing evidence. *See German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 213-214 (3d Cir. 2020).

## II. REQUIREMENTS OF 28 U.S.C. § 2243

12. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

13. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." See *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

14. This Petition presents only issues of law and can be properly decided without a hearing despite the fact that the habeas statute 28 U.S.C § 2243 considers a hearing requiring the Court to "summarily hear and determine the facts, and dispose of the matter as law and justice require"); *See O.F.B. v. Maldonado*, No. 25-cv-06336, 2025 WL 3277677, *1 n.2 (E.D.N.Y. Nov. 25, 2025) granting petition prior to hearing. *See also Tumba v. Francis*, No. 25-cv-08110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

## III. JURISDICTION AND VENUE

15. This Court has jurisdiction pursuant 28 U.S.C. § 2241 that authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C.§ 2241(c)(3)). Under § 2241, "federal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

*16.* Venue is proper in this district because that is where Petitioner is detained and that is where Petitioner's immediate custodian, facility administrator resides and works. *See 28 U.S.C. § 1391(b).*

*17.* Venue is proper in this district because Respondents are officers, employees, or agencies of the United States and a substantial part of the events or omissions giving rise to these claims occurred in this district and Petitioner resides in this District and no real property is involved in this action. *28 U.S.C. § 1391(e).*

## IV. THE PARTIES

18. Petitioner is a twenty-five (25) year old noncitizen, native of El Salvador who seeks protection in the United States in the form of asylum and withholding of removal and Special Immigrant Juvenile Status. He is in the custody, and under the direct control, of Respondents and their agents.

19. Respondent JUDITH ALMODOVAR, New York Field Office Director, Immigration and

Customs Enforcement and Removal Operations (ICE/ERO). In this capacity, Respondent Almodovar is responsible for the implementation and enforcement of the Immigration and Nationality Act, responsible for Petitioner's detention. Respondent is a legal custodian of Petitioner. He is sued in her official capacity

20. Respondent, KRISTY NOEM, Secretary of the Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality, the agency responsible for Petitioner's detention. Respondent Noem is a legal custodian of Petitioner. She is sued in her official capacity.

21. Respondent, Pamela Bondi, is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity. She is sued in her official capacity.

22. Respondent, Raul Maldonado, Jr., is employed by the Federal Bureau of Prisons as Warden of the Metropolitan Detention Center Brooklyn, where Petitioner is detained. He has immediate physical custody of Petitioner. He is sued in his official capacity.

## V. FACTUAL BACKGROUND

23. Petitioner is a twenty-five (25) year old non-US citizen, native of El Salvador, who has resided in the United States since entering as an unaccompanied minor on or about July 15, 2018, through Texas.

24. Upon entry, Petitioner was designated an unaccompanied child and placed in the custody of the Department of Health and Human Services, Office of Refugee Resettlement ("ORR"). Approximately six weeks later, Petitioner was released from ORR custody into

the care of his father. Exhibit "D".

25. Although Petitioner was issued a Notice to Appear dated July 16, 218, at the time of entry, he was never required to appear before an Immigration Judge and no removal proceedings were actively pursued against him at that time. Exhibit "E".

26. Although one could assert that a grant of deferred action is a parole. SIJS approval is a parolee within the definition of 8 CFR §274a.12(c)(11). Congress established SIJS in 1990 as a "classification to provide humanitarian protection"[1] to "abused, neglected or abandoned children."[2] In 1991, Congress passed INA § 245(h) to provide even more protection and benefits to young people with SIJS approval by designating them as "deemed…to have been paroled into the United States. Petitioner should be deemed to have been paroled on when his SIJS was approved for humanitarian reasons.

27. In 2019, while still a minor, Petitioner affirmatively filed an Application for Asylum (Form I-589) with U.S. Citizenship and Immigration Services ("USCIS") and received receipts proving that the applications were filed.

28. That application was never adjudicated on the merits. Instead, USCIS administratively closed the application without a final decision.

29. On April 22, 2022, USCIS approved Petitioner's Form I-360, Petition for Special Immigrant Juvenile Status ("SIJS") with a priority date of July 12, 2021.

30. Special Immigrant Juvenile Status (SIJS) is a humanitarian form of immigration relief available to certain noncitizen children present in the United States who have been abused, neglected, or abandoned by one or both parents. SIJS eligibility requires a predicate order from a state juvenile court within its jurisdiction—such as a New York Family Court—finding that reunification with one or both parents is not viable due to abuse, neglect,

abandonment, or a similar basis under state law, and that it is not in the child's best interest to return to their country of nationality or last habitual residence. Upon approval by U.S. Citizenship and Immigration Services, a child granted SIJS becomes eligible to apply for lawful permanent resident status when a visa is available according to priority date.

31. On May 27, 2022, USCIS issued an amended approved Form I-360, Petition for Special Immigrant Juvenile Status ("SIJS") however, in this notice, USCIS granted Petitioner deferred action.

32. The most current Visa Bulletin, issued by the US Department of State, shows that the priority date is at January 1, 2021, only several months shy of Petitioner's priority date, which is July 12, 2021. Exhibit "F".

33. SIJS-based deferred action is a discretionary form of prosecutorial relief extended by the Department of Homeland Security to noncitizen children who have obtained approval of a Special Immigrant Juvenile Status petition but cannot immediately adjust status due to the unavailability of an immigrant visa number. The grant of deferred action reflects DHS's determination that the individual is a bona fide SIJS beneficiary and is eligible for lawful presence and employment authorization while awaiting visa availability. That grant of deferred action currently remains valid. In addition, Petitioner has a valid employment authorization card under category C14. The C14 category is for individuals granted deferred action. Exhibit "G".

34. Detention or removal of an approved SIJS beneficiary who is eligible for deferred action would cause irreparable harm, as it would sever the child from the protections conferred by the state court's findings and undermine the I-360 petition already granted, while removal would effectively nullify the pending path to lawful permanent residence.

Moreover, because the SIJS petition has already been approved and deferred action, the Petitioner demonstrates a strong likelihood of relief on the merits.

35. Now, on February 6, 2026, Respondents-initiated new removal proceedings against Petitioner in New York by filing a Notice to Appear. Respondents alleged that petitioner is subject to removal from the United States under INA §212(a)(6)(A)(i) and commanded that petitioner appear for a hearing in the immigration court in New York, NY on March 16, 2026. Exhibit "H". There are no allegations of criminal activity or criminal arrests. The only charge is being in the United States without being admitted or paroled. The Immigration Court issued a notice of hearing for February 13, 2026 with notice to the Petitioner at the Brooklyn MDC. Exhibit "I".

36. Respondents detained the Petitioner he was sent to the Metropolitan Detention Center in Brooklyn, New York. and remains in custody since then.

37. Respondents did not identify any statutory basis for detention and did not provide Petitioner with any procedural safeguards.

38. Petitioner has no outstanding removal order, has a scheduled immigration court hearing on February 13, 2026, and he poses no risk of flight or danger to the community.

## VI. LEGAL GROUNDS FOR RELIEF

<u>**COUNT ONE:**</u>

**Violation of Fifth Amendment Right to Due Process.**

39. Respondents released Petitioner into the United States on his own recognizance; therefore, Petitioner has due process rights as a person within the United States. Petitioner has been

residing in the United States since 2018 with no incident. He was in HHC/ORR custody as an unaccompanied minor and was released. He pursued several applications before USCIS and received certain approvals. For over seven years Respondents never properly placed him in removal proceedings although certainly capable of doing so, yet Respondents suddenly chose to detain him without any rational and individualized determination of whether Petitioner is a safety or flight risk, in violation of due process. In this instant, Petitioner's detention is arbitrary, unreasonable and capricious. Arresting individuals arbitrarily undermines the integrity of DHS's own enforcement framework. Respondents' conduct is arbitrary, capricious, and contrary to fundamental principles of fairness.

40. The Fifth Amendment prohibits detention that is arbitrary, unreasonable, or unsupported by procedural protections. Petitioner's detention was not incident to removal, but rather punitive, arbitrary, and disconnected from any legitimate immigration enforcement purpose. If Respondents conducted an assessment, they would have determined that there is no evidence or change of circumstances to validate his detention.

41. Petitioner was arrested solely for being with his father and co-worker at a gas station. The lack of an individualized custody determination violates substantive and procedural due process.

42. For these reasons, Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

**<u>COUNT TWO:</u>**

**Respondents lack statutory basis to detain Petitioner**

43. DHS lacks statutory authority to detain a noncitizen who is not subject to mandatory detention, has no final order of removal, and has complied with all appearance obligations.

44. Respondents may argue that Petitioner falls within the ambit of § 1225(b)(2) mandatory detention requirement. The Eastern District of New York (E.D.N.Y.) ruled "Contrary to respondents' position, Section 1225(b)(2)(A) does not provide a valid basis on which to detain petitioner under these circumstances. Petitioner should not be subject to mandatory detention". *See Y-C- v. Genalo, No. 25-cv-06558 (NCM), 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025)*. The court stated "This Court does not agree with respondents' reading of the INA. The Court finds persuasive the reasoning of the hundreds of district courts that have overwhelmingly rejected the government's interpretation of Section 1225. Three reasons underlie the Court's conclusion: the government's reading is (1) not consistent with the plain language of the statute, (2) in tension with precedent of the United States Supreme Court, and (3) impossible to square with a recently enacted portion of § 1226. See Also *0-3224; 22-70 Black v. Almodovar; G.M. v. Almodovar 2nd Cir. 2025.*

45. Respondents have no interest in detaining Petitioner under 8 U.S.C. § 1226(a) if his detention would not advance any legitimate governmental purpose, such as ensuring the appearance of aliens at any immigration proceedings or preventing danger to the community. The petitioner has no criminal history, has had active applications before the government and has appeared for fingerprinting in connection with those applications, when the government directed him to do so.

46. The ongoing detention of Petitioner with no process, no prior notice, no showing of changed circumstances, or an opportunity to respond violates his due process rights and

therefore, Petitioner's continued detention under these circumstances is ultra vires and unlawful.

## VI. REQUEST FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(3) Issue a writ of habeas corpus ordering Petitioner's immediate release from ICE custody/alternatively, order an immediate individualized bond hearing before a neutral adjudicator;

(4) Declare Petitioner's detention unconstitutional and unlawful;

(5) Enjoin DHS from re-detaining Petitioner absent lawful authority; and

(6) Grant any further relief this Court deems just and proper.

Respectfully Submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

*10th* day of February 2026

## VII. VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, William Enrique Sanchez Alfaro and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 10th day of February 2026

Respectfully submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555

**VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242**

I am submitting this verification on behalf of the Petitioner because I am one of Petitioner's attorneys, and I have discussed the claims with Petitioner's legal team. Based on those discussions, I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

| EXHIBIT | DOCUMENT DESCRIPTION |
|---|---|
| A | Asylum Application Receipts |
| B | April 22, 2022 USCIS Approved I-360 SIJS |
| C | May 27, 2022 USCIS Approved I-360 SIJS with Deferred Action |
| D | USHHS/ORR Release from custody |
| E | ICE issued Notice to Appear in Immigration Court dated |
| F | February 2026 Visa Bulletin |
| G | Employment Authorization under Category c14 |
| H | ICE issued Notice to Appear in Immigration Court dated July 16, 2018 |
| I | EOIR issued Notice to Appear for February 13, 2026 |

Dated: February 10, 2026

Respectfully submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
cadlam@davidsperlinglaw.com
adlamlaw@hotmail.com
631-232-9555