

lawyers@dms.law

www.dms.law

@immigrationattorneyli



Wednesday, February 18, 2026

VIA ECF
Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE:    *Sanchez Alfaro v. Almodovar et al.,* No. 26:cv-00766 (Brown, J.)

Dear Judge Brown:

This office, through undesigned counsel, represents the petitioner Mr. William Enrique Sanchez Alfaro. On February 17, 2026 the Court entered an order directing counsel for petitioner to provide any documents related to the New York State Family Court's determination referenced in paragraph 30 of the petition by Friday February 20, 2026 at 12:00 PM. *See* Docket Minute Entry. In compliance with the court order we attach the following:

A. Family Court order appointing guardian of the person granted by Honorable Fernando M. Camacho under docket G-03321-21;
B. Family Court Order of Special Immigrant Juvenile Status granted by Honorable Fernando M. Camacho under docket G-03321-21;
C. Family Court Letters of Guardianship of the Person of a Minor issued by the Chief Clerk, Michael J. Williams under docket G-03321-21;
D. Motion for Special Immigrant Juvenile Status under docket G-03321-21;
E. Amended Guardianship Petition under docket G-03321-21.

Thank you for Your Honor's consideration of this submission.

Respectfully Submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
*Counsel for Petitioner*

cc: By ECF
Thomas R. Price, Esq.
*Assistant United States Attorney*

☒ 81 Carleton Ave, Central Islip, NY 11722          (631) 232-9555 – Fax (631) 232-9520
☐ 1391 New York Ave, Huntington Station, NY 11746    (631) 427-1158 – Fax (631) 427-6551
☐ 80 W. Main St, Riverhead, NY 11901                 (631) 740-9150 – Fax (631) 284-6099
☐ 27 W. Columbia St, Hempstead, NY 11550             (516) 214-6340 – Fax (516) 280-2455



F.C.A.§§ 661; S.C.P.A.§ 1707                                                    6-5 8/2010

> At a term of the Family Court of the
> State of New York, held in and for
> the County of Suffolk, at Suffolk
> County Family Court, 400 Carleton
> Avenue, Central Islip, NY 11722-
> 9076, on July 9, 2021

PRESENT:    Hon. Fernando M. Camacho

| | |
|---|---|
| In the Matter of a **Guardianship** Proceeding | **File #:**    177125 |
| | **Docket #:**   G-03321-21 |
| **Maria Dolores Sanchez Bermudez,** | |
| Petitioner, | **ORDER APPOINTING** |
| - against - | **GUARDIAN OF THE** |
| | **PERSON** |
| **Ruperto Sanchez Bermudez,** | |
| **Maria de los Angeles Alfaro Gaitan,** | |
| Respondents. | |

Upon reading and filing the petition, duly verified on March 18, 2021, applying for the appointment of the guardian of the person of the above-named William Enrique Sanchez Alfaro, person under the age of 21;

And where the subject of the petition is 18 years of age or older, he/she having consented to the appointment of the guardian;

And this Court having determined that the best interests of the subject of the petition will be promoted by the appointment of a guardian of the person, and that Maria Dolores Sanchez Bermudez is in all respects competent to act as such guardian and to raise the subject of the proceeding to adulthood;

IT IS HEREBY ORDERED that Maria Dolores Sanchez Bermudez, upon taking the official oath and filing the designation as required by law, is appointed guardian of the person of William Enrique Sanchez Alfaro and that Letters of Guardianship shall issue to the Guardian accordingly; and it is further

ORDERED that, unless terminated by the Court, the appointment shall last until the subject's 21st birthday, since the subject is over 18 and has consented to the appointment until he/she reaches the age of 21;

Dated: July 8, 2021                                    ENTER

_____

Hon. Fernando M. Camacho

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

**Check applicable box:**
☐ Order mailed on [specify date(s) and to whom mailed]:_____
☐ Order received in court on [specify date(s) and to whom given]:_____

CC:    Michael David Nappo, Esq.
       Margaret Mary Trainor, Esq., Attorney for Child
       Maria Dolores Sanchez Bermudez, Petitioner

**Upon disposition of this case, all matters are returned to Family Court for any and all further proceedings. The Chief Clerk of Family Court shall maintain all records.**

B

8 U.S.C §1101

GF-42
(Special Immigrant Juvenile Status Order)
07/2021

At a Term of the Family Court
of the State of New York, held
in and for the County of Suffolk
at Central Islip, New York on
___July 9___, 2021.

PRESENT: Honorable Judge Fernando M. Camacho
---------------------------------------------------------------X
In the Matter of a Proceeding for the Appointment
Of a Guardian of the Person of

Docket #: G-03321-21
File #: 177125

**WILLIAM ENRIQUE SANCHEZ ALFARO**
**(Date of Birth 09/24/2000)**

ORDER – Special Immigrant Juvenile Status

A Person Under the Age of 21
-------------------------------------------------------------X

This Court, after examining the motion papers and supporting affidavits, all the pleadings and prior proceedings in this matter regarding William Enrique Sanchez Alfaro (date of birth 09/24/2000), and hearing testimony, finds, in accordance with Article 17 of the Surrogate Court Procedure Act and § 661 of the New York Family Court Act, that:

1. The minor, William Enrique Sanchez Alfaro (date of birth 09/24/2000), is a citizen of El Salvador and under 21 years of age. This Court is a Juvenile Court that has jurisdiction to make judicial determinations about the custody and care of minors and took jurisdiction over the above-named guardianship petition. New York FCA § 661(a); New York FCA § 115(c), and New York SCPA § 103(27).

2. The minor, William Enrique Sanchez Alfaro, is unmarried;

3. The minor, William Enrique Sanchez Alfaro, is dependent upon the family court and has been committed to an individual or entity appointed by the state or Family Court. Pursuant to § 661 of the Family Court Act, the above-named child is dependent upon this Family Court by virtue of this Court having granted guardianship of the person of the above-named child to Maria Dolores Sanchez Bermudez. *Matter of Antowa McD.*, 856 NYS2d 576 (1st Dept. 2008). *Matter of Trudy-Ann W. v. Joan W.*, 901 NYS2d 296 (2d Dept. 2010); NY Family Court Act § 141.

4. .. Reunification of the minor, William Enrique Sanchez Alfaro, with his mother, Maria De Los Angeles Alfaro Gaitan, is not viable due to abandonment as defined by NY Family Court Act § 1012(f) and NY Social Service Law § 384-b(5), specifically because: reunification with the child's mother is not viable due to abandonment because she has not financially or emotionally supported the child since he was seventeen years old. While the child lived in his native country, the Respondent-mother did not provide for his well-being. See *Matter of Karen C.*, 973 NYS2d 810 (2d Dept. 2013), *Matter of Trudy-Ann W. v. Joan w.*, 901 NYS2d 296 (2d Dept. 2010); *In re Kerry J.*, 288 A.D.2d 221 (N.Y. App Div. 2001); *In re Crystal C.* 219 A.D. 2d 601, 631 N.Y.S.2d 376 (2d Dept. 1995); *see Matter of Dennis X.G.D.V.* 2017 N.Y. Slip Op. 06080 (2nd Dept. 2017) and

5. It is not in the best interest of the minor, William Enrique Sanchez Alfaro, to be returned to his country of nationality, El Salvador, because he would have no one there able to care for him. Moreover, he will lack the physical and emotional support that he has in the United States. *Matter of Trudy Ann W.*, 73 AD 793 (2nd Dept. 2010); N.Y. Surr. Ct. Proc. Act § 1707; *See also Eschbach v. Eschbach*, 56 N.Y.2d 167 (1982), *Matter of Marisol N.H.*, 115 AD 3d 185 (2d Dept. 2014).

Dated:

    July 9, 2021

ENTER

_____
Hon. Fernando M. Camacho

NOTE [Guardianship cases]: Family Court Act §657(c) provides that an order of guardianship under Family Court Act §661 conveys "the right and responsibility to make decisions, including issuing any necessary consents, regarding the child's protection, education, care and control, health and medical needs, and the physical custody of the person of the child."

PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Check applicable box:
[] Order mailed on [specify date(s) and to whom mailed]:_____
[] Order received in court on [specify date(s) and to whom given]:_____



6-6 12/1987

## LETTERS OF GUARDIANSHIP OF THE PERSON OF A MINOR

**File #:**   177125
**Docket #:**   G-03321-21

THE PEOPLE OF THE STATE OF NEW YORK

KNOW ALL BY THESE PRESENTS that at the County of Suffolk, on July 9, 2021, before Honorable Fernando M. Camacho, Judge of the Family Court of this County, Maria Dolores Sanchez Bermudez, having duly qualified according to law, is hereby authorized to serve as guardian of the person of William Enrique Sanchez Alfaro (DOB: 9/24/2000), a Minor, and Letters of Guardianship are hereby granted to said Maria Dolores Sanchez Bermudez.

IN TESTIMONY WHEREOF, we have caused the seal of office of the Family Court of the County of Suffolk, to be hereunto affixed.

Witness: Honorable Fernando M. Camacho, Judge of the Family Court, County of Suffolk, at the Family Court of Suffolk County, on July 9, 2021.

_____
Michael J. Williams, Chief Clerk

**Dated:** July 8, 2021

(seal)

D

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
Proceeding for the Appointment of a
Guardian of the Person of

WILLIAM ENRIQUE SANCHEZ ALFARO
(DOB: 09/24/2000)


                    a Minor
------------------------------------------------------------X

Docket No.: G-03321-21
File No.: 177125


NOTICE OF MOTION

PLEASE TAKE NOTICE, that upon the annexed affirmation of Michael D. Nappo, Esq, dated May 22nd, 2021

and the exhibits annexed hereto, and upon all prior paper and proceedings heretofore and herein: a motion will

be made at this Court at 400 Carleton Ave, Central Islip, NY 11722 before Honorable Judge Fernando M.

Camacho, of this Court, on the 9th day of July 2021, at 9:00 in the morning of that day, or as soon thereafter as

the parties can be heard, why an order should be made granting petitioner the following relief:

    a) Special finding guardianship order finding that WILLIAM ENRIQUE SANCHEZ ALFARO (DOB:
       09/24/2000) is in the United States, has been declared dependent on a juvenile court located in the United
       States or whom such court has legally committed to, or placed in the custody of, an agency or department
       of a State or of an individual or entity appointed by a State or juvenile court and whose reunification with
       one or both parents is not viable due to abuse, neglect, abandonment, or a similar basis found in state law.
       8 U.S.C. § 1101(a)(27)(J).
    b)     and for such other and further relief as this Court deems just and proper.


Dated: May 22nd, 2021

                              Respectfully Submitted,

                              Michael D. Nappo, Esq.
                              Law Offices of David M. Sperling
                              81 Carleton Ave
                              Central Islip, NY 11722
                              (631) 232-9555

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
.......................................................... X
Proceeding for the Appointment of a                    Docket No.: G-03321-21
Guardian of the Person of                              File No.: 177125

**WILLIAM ENRIQUE SANCHEZ ALFARO**          **AFFIRMATION IN SUPPORT**
**(DOB: 09/24/2000)**

               a Minor
.......................................................X

I, Michael D. Nappo, Esq., an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirm as follows:

1. Upon information and belief, the petitioner Maria Dolores Sanchez Bermudez, hereinafter "Ms. Sanchez" filed a petition in Suffolk Family Court for guardianship of the subject child, William. Ms. Sanchez is the subject child's aunt.

2. Upon information and belief, the basis for the guardianship petition is that the child has been in the care and custody of the petitioner since 2019. The petitioner has provided a loving and financially stable environment for the child while being able to meet the child's social, educational, medical and developmental needs.

3. Upon information and belief, William has been in the care and custody of Ms. Sanchez 2019. Ms. Sanchez does not receive any financial support from William's mother, Maria De Los Angeles Alfaro Gaitan, hereinafter "Ms. Alfaro". Ms. Alfaro abandoned William since he was seventeen years old, since then, Ms. Alfaro has failed to provide for the care and custody of her son.

4. Upon information and belief, the petitioner and child resides at, 47 Seymour Lane, Medford, NY 11763. He is happy and enjoying his new life in the United States. The petitioner is seeking guardianship of William because she is the best person to care for him.

5. Upon information and belief, Upon information and belief, William was forced to flee El Salvador in 2018. While living back in El Salvador, William was living with his grandparents, Marta Alicia and Miguel Angel Gaitan, who were quite sick and elderly. They were not able to take good care of William. When William father left the country, in 2002. Williams father told Ms. Alfaro that he was going to do his best to continue to provide for them. Shortly after Ms. Alfaro meet a new person and decided to move in with him. Ms. Alfaro's new partner did not accept William in their new home, for this reason William stayed under his grandparents care.

Since then Ms. Alfaro has never provided for William's needs. William's grandparents took the reins of caring for William. Ms. Alfaro never tried to visit William when he was living with his grandparents. William currently does not receive calls from Ms. Alfaro on his Birthdays, Christmas' or any other special occasions. William was really hurt and never understood how his own mother could have abandon him. As the years went by it became harder for William's grandparents to take care of him because they began to have health issues. Williams's grandparents are very old and can not take care or provide of William properly. Mainly because in 2018 MS-13 members approached William and told him that they wanted him to join the gang. But William rejected them which angered them and they told him that if he did not join the gang they would harm William or even kill him. William was scared that the gang members would follow their threats and harm him. Finally, now that William is in the United States, he feels happy and safe. William's aunt, Ms. Sanchez, is making all efforts to help William achieve his dreams. Ms. Sanchez provides for William's needs and he makes sure to support him emotionally and financially. William enjoys his new life in this country where he feels nurtured and loved by Ms. Sanchez. Therefore it is in the best interest of the minor to remain in the United States. Since there is no one else in his home country that can properly take care and provide for him. Ms. Sanchez is afraid that if William has to go back to El Salvador, he will become a target of the local gangs that harass him before.

6. Upon information and belief, William is doing well in the petitioner's home. He does not have any problems at the petitioner's home. He feels safe and well cared for.

7. According to the 2019 El Salvador: Human Rights Report, child labor remained a serious and widespread problem. There were reports of children younger than 16 engaging in the worst forms of child labor, including coffee cultivation, fishing, shellfish collection, and fireworks production. Children were also subjected to other worst forms of child labor, including commercial sexual exploitation and recruitment into illegal gangs to perform illicit activities in the arms and narcotics trades, including committing homicide. According to the 2019 Overseas Security Advisory Council Report, the country continues to have one of the highest homicide rates in the world. This and other crimes against the person (e.g. assault, rape, and sexual assault) accounted for 35% of all categorized crime incidents in 2019. Influencing that, violent, well-armed street gangs have been an issue. MS-13 (Mara Salvatrucha) and 18th Street (Barrio 18) being the largest street gangs, concentrate on street-level drug sales, extortion, arms trafficking,

murder for hire, carjacking, and aggravated street crime. In addition to child labor issues faced by minors, gang related involvements and influences, as well as crime activity, child abuse remained a serious problem. Despite having the law prohibiting participation in, facilitating, or purchasing materials containing child pornography and provides for prison sentences of up to 16 years for violations, sexual exploitation of children remained a problem due to the government's lack of effective enforcement.

8.  This affirmation is submitted in support of the Motion requesting an order making the necessary factual findings to enable the child, William, to petition the U.S. Citizenship and Immigration Services ("USCIS") for Special Immigrant Juvenile Status ("SIJS") pursuant to Section 101(a)(27)(J) of the Immigration and Nationality Act (the "INA"). The relevant provision of the INA is codified at 8 U.S.C. § 1101(a)(27)(J) (2009) the Code of Federal Regulations sets forth the standard for implementing the statute at 8 C.F.R. § 204.11. A Special Immigrant Juvenile is an immigrant who is in the United States and who has been declared dependent on a juvenile court located in the United States or whom such court has legally committed to, or placed in the custody of, an agency or department of a State or of an individual or entity appointed by a State or juvenile court and whose reunification with one or both parents is not viable due to abuse, neglect, abandonment, or a similar basis found in state law. 8 U.S.C. § 1101(a)(27)(J).

9.  The guardian of the child is seeking the protection of the United States by applying for SIJS. William meets the criteria for a Special Immigrant Juvenile under Section 101(a)(27)(J) of the INA. *See* 8 U.S.C. § 1101(a)(27)(J); 8 C.F.R. § 204.11(a), (d)(2)(i). If USCIS, formerly known as the Immigration and Naturalization Service ("INS"), approves his application, he will be eligible to adjust his status to an alien lawfully admitted to the United States for permanent residence. 8 U.S.C. § 1255(a), (h). That means that William will be able to apply for his "green card." As a green card holder, he will have the right to live and work permanently in the United States. After five years as a lawful permanent resident, William can apply for U.S. citizenship. **Neither of William's parents nor his Guardian can derive any immigration benefits from William.**

10.  For William to be eligible to apply to USCIS for SIJS, a state "juvenile court" must first make several findings of fact. The immigration regulations define a state "juvenile court" as "a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles." 8 C.F.R. § 204.11(a). Under the law, the juvenile court

does not make any immigration decisions, but rather, makes factual findings concerning the child. The juvenile court, and not USCIS, makes these findings because it is the court with expertise in juvenile matters.

11. On December 23, 2008, the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") was signed by the President and it amends the eligibility requirements for SIJ. USCIS has provided field guidance on the new provisions. *See,* USCIS Memorandum Dated March 24, 2009. The required findings are as follows:

    a.    The child is dependent upon the juvenile court or has been legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court, within the meaning of 8 U.S.C. § 1101(a)(27)(J);

    b.    The child's reunification with one or both parents is not viable due to abuse, neglect, abandonment or similar basis found under State law within the meaning of 8 U.S.C. § 1101(a)(27)(J); and

    c.    It is not in the "best interest" of the child to be returned to his or his parents' previous country of nationality or country of last habitual residence within the meaning of 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11(d)(2)(iii).

12. Special Immigrant Juveniles must be unmarried and under the age of twenty-one. 8 C.F.R. § 204.11(c)(1), (c)(2). This definition is consistent with the INA's definition of "child" as a person under the age of twenty-one. INA § 101(b)(1). By defining a "juvenile" as a person who is under the age of twenty-one, the law allows young persons who have reached the age of majority to qualify for SIJS. In doing so, Congress made the SIJS eligibility standard consistent throughout the different states and under the different state juvenile laws.

13. Factual findings by this Court will not automatically entitle William to SIJS or to lawful permanent residence in the United States. Rather, the Court's findings are a prerequisite to filing an *application* for immigration relief. *See* 8 C.F.R. § 204.11(d)(2). Without the requested court order William cannot petition USCIS for SIJS. *Id.* He must submit the order to USCIS as part of his application packet for SIJS. Based on his SIJS application, he can also apply for lawful permanent residency. USCIS will ultimately adjudicate his application at an "adjustment interview." *USCIS retains the discretionary authority to approve or to deny William's application.* William respectfully requests that the Court issue an order making the appropriate findings of fact to enable his to apply for SIJS.

14.    In order for William to apply for Special Immigrant Juvenile status, a state "juvenile court" must make certain findings of fact.  8 U.S.C. § 1101(a)(27)(J)(i); 8 C.F.R. § 204.11.  Immigration regulations define the term "juvenile court" as "a court located in the United States having jurisdiction under state law to make judicial determinations about the custody and care of juveniles." 8 C.F.R. § 204.11(a). This Court has jurisdiction over William for guardianship and adoption purposes, *e.g*, for his "custody and care."  This Court has already exercised its' jurisdiction over William in that the Court accepted the filing of the guardianship petition. Therefore, this court can and should make the findings of fact to permit William to apply for SIJS.

15.    Upon information and belief, William is a minor who resides with Ms. Sanchez and she provides a safe loving home for him. This Court has accepted jurisdiction over William and matters relating to his guardianship.

16.    To qualify for SIJS, William must show that reunification with one or both of their parents are not viable due to abuse, neglect, abandonment, or a similar basis found under State law.  8 U.S.C. § 1101(a)(27)(J)(i). In this case, reunification with William's mother is not viable due to abandonment. William's mother, Ms. Alfaro abandoned William since he was seventeen years old. Since then, Ms. Alfaro has never contacted William nor has she provided for his clothes, shelter, food, educational, and health needs.

17.    This Court should conclude that it is in William's best interest is to remain in the United States. In issuing final regulations relating to SIJS, the INS commented, "the [Immigration] Service does not intend to make determinations in the course of deportation proceedings regarding the 'best interest' of a child for the purpose of establishing eligibility for special immigrant juvenile classification." 58 Fed. Reg. 54,42847 (Aug. 12, 1993). "The final rule states that the decision concerning the best interest of the child may only be made by the juvenile court or in an administrative proceeding authorized or recognized by the juvenile court." *Id.*

18.    For purposes of eligibility for SIJS, William should be legally committed to and placed under the custody of the petitioner by the juvenile court as reunification with his father is not viable due to abandonment.  It is not in his best interests to be returned to his previous country of nationality or country of last habitual residence – El Salvador. It is in the child's best interest to remain in the United States. This Court's findings will allow him to apply for lawful permanent residence in the United States and remain in the stable and loving home of his mother, the

petitioner. Without this Court's approval and finding, William will not qualify for immigration relief under the INA and will face deportation to El Salvador.

19.   There has been no prior application for the relief requested, except as stated herein.

WHEREFORE, it is respectfully requested that the instant Order be signed, and on the return date the relief requested be granted in all respects.

Dated this 22nd day of May, 2021

Michael D. Nappo, Esq.
Law Offices of David M. Sperling
81 Carleton Ave
Central Islip, NY 11722
(631) 232-9555

--------------------------------------------------------------X

STATE OF NEW YORK
COUNTY OF SUFFOLK

WILLIAM ENRIQUE SANCHEZ ALFARO                Docket No.: G-03321-21
(DOB: 09/24/2000)                             File No. 177125

--------------------------------------------------------------X

Date: May 22nd, 2021

### Section 130-1.1a Certification

The undersigned, an attorney duly licensed to practice law the Courts of the State of New York, certifies, to the best of my ability, that upon personal knowledge or information and belief, formed after an inquiry reasonable under the circumstances, that the presentation of paper or the contentions therein are not frivolous as defined in section 130-1.1(c) of this Subpart.

Michael D. Nappo, Esq.

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
Proceeding for the Appointment of a
Guardian of the Person of

Docket No. G-03321-21
File No. 177125

**WILLIAM ENRIQUE SANCHEZ ALFARO**
**(DOB: 09/24/2000)**

**AFFIDAVIT**

-----------------------------------------------------------------X

I, Maria Dolores Sanchez Bermudez being duly sworn, depose and say:

My name is Maria Dolores Sanchez Bermudez, I was born on July 20th, 1980. I currently reside at 47 Seymour Ln, Medford, NY 11763, I live with my nephew William Enrique Sanchez Alfaro my brother Ruperto Sanchez Bermudez, my children Mauricio Elias Romero Sanchez, Ana Julia Romero Sanchez, and Moris Alexander Romero Sanchez.

I entered the United States in February of 2019. I fled El Salvador because I suffered from domestic violence from my ex-partner Lorencio de Jesus Romero Orrutia and in one occasion he tried to hurt me with machete. I found out that my ex-partner was incarcerated in the past for attempt of murder to other people in my neighborhood. At that moment I decided to leave him, I left with my kids to live at my father's house. I was not able to find a job and be able to provide for my family since I only finish four grade of school. My parents were farmers and I always helped my parents doing chores and assist them with agriculture. I started a new life in the United States, I have been working hard in order to provide for my children and give them a better future.

William is my brothers, Ruperto Sanchez Bermudez's, son. William came to this country because his mother, Maria De Los Angeles Alfaro Gaitan, abandoned him when he was seventeen years old. Ms. Alfaro met her current partner and decided to start a new family without William. Her new partner did not accept William. She left him behind under the care of his maternal grandparents, Marta Alicia Savala Alfaro and Miguel Angel Gaitan. Ms. Alfaro never visited or provided for William while he was living with his grandparents. William currently does not receive calls from Ms. Alfaro on his Birthdays, Christmas' or any other special occasions.

As the years went by it became harder for William's grandparents to take care of him because they began to have health issues. William's grandmother suffers from diabetes and she has to go to the

doctor regularly. Williams's grandparents are very old and can not take care or provide of William properly. Mainly because in 2018 MS-13 members approached William and told him that they wanted him to join the gang. But William reject them which caused them discomfort and they told him that if he did not join the gang they would harm him or even kill him. William was scared that they would follow their threats mainly because by that point many of his classmates that joined or declined the MS-13 offer were murder or harm.

Finally, now that William came to this country, he feels safe and happy with his new life. I have been making all my efforts to help William achieve his dreams. William's dream is to take a course in welding or be a mechanic and pursue that as his career. I provide for William's needs and I also make sure to support him emotionally and financially. William enjoys his new life in this country where he feels nurtured and loved.

I pray that you grant my nephew the possibility to stay in the United States. My nephew cannot go back to our country because there's no one that can properly take care and provide for him. I am afraid that if William has to go back to El Salvador he will become a target of the local gangs that harassed him before.

This affidavit was read back to me in my native Spanish Language and I am fully aware and agree to the content therein.

Sworn to before me on this
22nd day of May, 2021

_____
NOTARY PUBLIC

_maría  Sanchez_
Maria Dolores Sanchez Bermudez

JONATHAN JOSE TORRES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TO6417005
Qualified in Suffolk County
Commission Expires May 3, 20 25

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
Proceeding for the Appointment of a                                    Docket No. G-03321-21
Guardian of the Person of                                              File No. 177125


WILLIAM ENRIQUE SANCHEZ ALFARO                          AFFIDAVIT
(DOB: 09/24/2000)


------------------------------------------------------------------X


I, William Enrique Sanchez Alfaro being duly sworn, depose and say:


My name is William Enrique Sanchez Alfaro, I was born on September 24th, 2000. I currently reside at 47 Seymour Ln, Medford, NY 11763, I live with my father, Ruperto Sanchez Bermudez, my aunt Maria Dolores Sanchez my cousins Mauricio Elias Romero Sanchez, Ana Julia Romero Sanchez, and Moris Alexander Romero Sanchez.

I entered the United States in June 2018. Before entering the United States I used to live in El Salvador with my grandparents Marta Alicia and Miguel Angel Gaitan. My father, Ruperto Sanchez Bermudez had been living in the United States since 2002. When my father left the country he told us that he was going to do his best to continue to provide for us. Soon after when I was seventeen years old my mother, Maria De Los Angeles Alfaro Gaitan abandoned me. She left me with my grandparents. My mother was not interested in spending time with me. She met a new person and decided to move in with him. My mother's new partner did not accept me in their new home, for this reason I stayed under the care of my grandparents.

My grandparents took the reins of caring for me. Since then my mother never provided for my needs and she never tried to visit me after she left. Currently, I do not receive calls from my mother on my Birthdays, Christmas' or any other special occasions. I never understood how my mother could have abandoned me. While I lived with my grandparents I was also under the care of my aunt, Maria Dolores Sanchez who was a couple houses down in our neighborhood. As time passed my grandparents were getting older and began to have health problems. At one point they were no longer able to properly care for me. Moreover, in 2018 MS-13 members approached me and told me that they wanted me to join the gang. I told them that I did not want to join and they were angry with me. They told me that if I did not join they were going to harm me, or even kill me. They promised that I would be safe under the gang

and that I would have power. But I told them that I was not interested and they told me I would regret my decision.

By that point, many of my classmates had joined MS-13 and there were numerous of young boys and girls who did not want to join the gang. I did not want to fall victim to them because I did not want to join them. They knew that my grandparents were elderly and that they could not protect me, our neighborhood was rural and isolated from police so they could do what they wanted to me, they knew that I had no parents to guide me away from them in that moment.

Finally, now that I came to this country, I feel safe and happy to be able to start a new life. My aunt has been making all her efforts to help me achieve my dreams. I am currently trying to take a course to learn mechanics or pluming to pursue as a carrier. My aunt provides for my needs and she makes sure to support me emotionally and financially. I enjoy my new life in this country where I feel happy and safe.

I pray that you grant me the possibility to stay in the United States. Here I feel safe, protected and free. I wish to follow my dreams. I do not want to go back to my country because I do not have nobody there that can properly take care of me. I am afraid that if I go back to El Salvador I will become a target of the local gangs that harassed me before.

This affidavit was read back to me in my native Spanish Language and I am fully aware and agree to the content therein.

Sworn to before me on this
22nd day of May, 2021

_____
NOTARY PUBLIC

W.E.S.
_____
William Enrique Sanchez Alfaro

JONATHAN JOSE TORRES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TO6417005
Qualified in Suffolk County
Commission Expires May 3, 20__25__

E

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
Proceeding for the Appointment of a                    Docket No. G-3321-21
Guardian of the Person of                              File No. 177125


                                                       AMANDED
WILLIAM ENRIQUE SANCHEZ ALFARO                         GUARDIANSHIP
(DOB: 09/24/2000)                                      PETITION



        a Minor

----------------------------------------------------------------X

TO THE FAMILY COURT:

The Petitioner(s) respectfully alleges to this Court that:


1.  The name, date of birth and domicile of the Petitioner(s) are as follows:

        Name:                    MARIA DOLORES SANCHEZ BERMUDEZ
        Date of Birth:           07/20/1980
        Address:                 47 Seymour Ln,
                                 Medford, NY 11763

2.  The name, date of birth and domicile of the child subject to this proceeding are as follows:

        Name:                    WILLIAM ENRIQUE SANCHEZ ALFARO
        Date of Birth:           09/24/2000
        Address of the child:    47 Seymour Ln,
                                 Medford, NY 11763

3.  The subject child is not a Native American child subject to the *Indian Child Welfare Act
    of 1978* (25 U.S.C. §§ 1901 – 1963).

4.  The residence of the child and relationship of person with whom the child resides are as
    follows:

        Name:                    MARIA DOLORES SANCHEZ BERMUDEZ
        Relationship:            Aunt
        Address:                 47 Seymour Ln,
                                 Medford, NY 11763
The religion of the child is Christian.

5. The name, relationship and post office address of the father of the child, the name and address of the person with whom the child resides, if other than the parent(s), on whom process should issue, and such other persons concerning whom the court is required to have information, are as follows:

| Relationship | Name | Post Office Address |
|---|---|---|
| Mother: | Maria de los Angeles Alfaro Gaitan DOB: N/A | Canton Miramar, Municipio Concepcion Batres, Usulutan, El Salvador |
| Father: | Ruperto Sanchez Bermudez DOB: 05/02/1982 | 47 Seymour Ln, Medford, NY 11763 |

Persons with whom the child resides:

| | | |
|---|---|---|
| Aunt: | Maria Dolores Sanchez Bermudez DOB: 07/20/1980 | 47 Seymour Ln, Medford, NY 11763 |
| Father: | Ruperto Sanchez Bermudez DOB: 05/02/1982 | 47 Seymour Ln, Medford, NY 11763 |
| Cousin: | Moris Alexander Romero Sanchez DOB: 06/24/1997 | 47 Seymour Ln, Medford, NY 11763 |
| Cousin: | Mauricio Elias Romero Sanchez DOB: 03/18/2001 | 47 Seymour Ln, Medford, NY 11763 |
| Cousin: | Ana Julia Romero Sanchez DOB: 07/04/2007 | 47 Seymour Ln, Medford, NY 11763 |

6. To protect and preserve the legal rights of the child, it is necessary that some proper person be duly appointed the guardian of the child, because there is no one else to care for him. William entered the country in July 2018. His aunt, "Maria Dolores Sanchez Bermudez", has been his main financial and emotional supporter since the Petitioner came in 2019 and she is willing to take full responsibility of his minor nephew. William's mother "Maria de los Angeles Alfaro Gaitan" has failed to provide emotionally and financially for his son since 2018. Therefore, it is in William Enrique Sanchez Alfaro best interest to have his Aunt Maria Dolores Sanchez as the appointed guardian for the subject child.

7. Upon information and belief, no guardian pursuant to will or deed, or guardian of the person pursuant to section 384 or 384-b of the Social Services Law, has been previously appointed for the child.

   a. Petitioner(s) does not have knowledge that the person nominated to be a guardian

herein is the subject of an indicated report, as such term is defined in Section 412 of the Social Services Law, filed with the statewide register of child abuse and maltreatment pursuant to Title 6 of Article Six of the Social Services Law.

b.  Petitioner(s) does not have knowledge that the person nominated to be a guardian herein is the subject of or the respondent in a child protective proceeding commenced under Article Ten of the Family Court Act.

c.  Petitioner(s) does not have knowledge that an Order of Protection or Temporary Order of Protection has not been issued against the person nominated to be a guardian herein in any criminal, matrimonial or Family Court proceeding(s).

8.  a.  The following adults who are age 18 or older live in the home of the proposed guardians:

| Name | Relationship to the child | Date of Birth |
|---|---|---|
| Maria Dolores Sanchez Bermudez | Aunt | 06/20/1980 |
| Ruperto Sanchez Bermudez | Father | 05/02/1982 |
| Mauricio Elias Romero Sanchez | Cousin | 03/18/2001 |
| Moris Alexander Romero Sanchez | Cousin | 06/24/1997 |

There are no other adults who are over age 18 living in the home.

b.  Upon information and belief, none of the above adults is the subject of an indicated report, as such term is defined in Section 412 of the Social Services Law, filed with the statewide register of child abuse and maltreatment pursuant to Title Six of Article Six of the Social Services Law.

c.  Upon information and belief, none of the above adults has been the subject of  or  the Respondent in a child protective proceeding commenced under Article 10 of the Family Court Act.

d.  Upon information and belief, an Order of Protection or Temporary Order of Protection has not been issued against any of the above adults.

9.  There are no persons interested in this proceeding other than those here in above mentioned.

10. No prior application has been made to any court for the relief herein requested.

WHEREFORE, Petitioner pray that an order be entered appointing Maria Dolores Sanchez Bermudez to be the guardian of the person of the child during the child's minority and that letters of guardianship issue.

Dated: May 22nd, 2021

Michael D. Nappo, Esq
Law Office of David M. Sperling
81 Carleton Ave.
Central Islip, New York 11722
(631)- 232 9555 Fax (631) 232-9520

Maria Dolores Sanchez Bermudez
Petitioner

## VERIFICATION

STATE OF NEW YORK          )

COUNTY OF SUFFOLK          ) ss:

I, Maria Dolores Sanchez Bermudez, being duly sworn, says that she is the Petitioner in the above-named proceeding and that the foregoing petition is true to her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters she believes to be true.

_Maria    Sanchez_
Maria Dolores Sanchez Bermudez
Petitioner

Sworn to before me this
22nd day of May of 2021

Notary Public

```
JONATHAN JOSE TORRES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TC6417005
Qualified In Suffolk County
Commission Expires May 3, 20 25
```

S.C.P.A. §§ 1701 – 1704
FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X

Proceeding for the Appointment of a
Guardian of the Person of

WILLIAM ENRIQUE SANCHEZ ALFARO
(DOB: 09/24/2000)

    a Minor

Docket No. G-3321-21
File No. 177125

OATH OF
GUARDIAN

-----------------------------------------------------------------X

STATE OF NEW YORK    )

COUNTY OF SUFFOLK    ) ss:

I, Maria Dolores Sanchez Bermudez, being duly sworn, deposes and says:

1. OATH OF GUARDIAN:  I am an adult competent person over the age of eighteen, and a resident of the State of New York; that I will well, faithfully and honestly discharge the duties of Guardian of the person of a Minor, according to law, and that I am not otherwise ineligible to receive letters.

2. DESIGNATION OF CLERK FOR SERVICE OF PROCESS:  That I do hereby designate the Clerk of the Court for SUFFOLK County, and his or her successor in office, as a person on whom services of any process issuing from such Court may be made, in like manner and with like effect as if it were served personally upon me whenever I cannot be found and served within the State of New York after due diligence used.

We are domiciled at:  47 Seymour Ln, Medford, NY 11763

*Maria Sanchez*
Maria Dolores Sanchez Bermudez
Proposed Guardian

Sworn to before me this
22nd day of May of 2021

Notary Public

JONATHAN JOSE TORRES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TO6417005
Qualified in Suffolk County
Commission Expires May 3, 20 25

JONATHAN JOSE TORRES
NOTARY PUBLIC          NEW YORK
NOTARegistration          005
R-Qualified in Suffolk County
Commission Expires May 3, 20

## VERIFICATION

STATE OF NEW YORK )

COUNTY OF SUFFOLK ) ss:

Maria Dolores Sanchez Bermudez is the Nominated Guardian in the above-named proceeding and that

the foregoing petition is true to her own knowledge, except as to matters therein stated to be alleged on

information and belief and as to those matters she believes to be true.

*Maria Sanchez*

Maria Dolores Sanchez Bermudez
Proposed Petitioner

Sworn to before me this
22nd day of May of 2021

Notary Public

JONATHAN JOSE TORRES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TO641705
Qualified In Suffolk County
Commission Expires May 3, 20 25

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
Proceeding for the Appointment of a
Guardian of the Person of

**WILLIAM ENRIQUE SANCHEZ ALFARO**
**(DOB: 09/24/2000)**


       a Minor
-------------------------------------------------------------------X

Docket No. G-3321-21
File No. 177125

CONSENT OF A
MINOR OVER 18 YEARS

STATE OF NEW YORK    )

COUNTY OF SUFFOLK    ) ss:


I am the person over the age of 18 who is the subject of this proceeding. I have read the petition and

believe it to be true. The petition filed herein has been read to me in my native language. I consent to

Maria Dolores Sanchez Bermudez to be my guardian.  I join in the prayer for the relief asked.


                                        W. E. S
                                William Enrique Sanchez Alfaro
                                    Minor Child

Sworn to before me this
22nd day of May of 2021


Notary Public

JONATHAN JOSE TORRES
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TO6417005
Qualified in Suffolk County
Commission Expires May 3, 20 25

--------------------------------------------------------------X

STATE OF NEW YORK

WILLIAM ENRIQUE SANCHEZ ALFARO               Docket No. G-3321-21
(DOB: 09/24/2000)                            File No. 177125


COUNTY OF SUFFOLK

--------------------------------------------------------------X


Date: 05/22/2021


## Section 130-1.1a Certification

The undersigned, an attorney duly licensed to practice law the Courts of the State of

New York, certifies, to the best of my ability, that upon personal knowledge or information and belief,

formed after an inquiry reasonable under the circumstances,   that the presentation of paper or the

contentions therein are not frivolous as defined in section 130-1.1(c) of this Subpart.


Michael D. Nappo, Esq.