

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza. 5th Floor*
*Central Islip, New York 11722*

May 11, 2026

**VIA ECF**
Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Sanchez Alfaro v. Mullin, et al.*, No. 26-cv-00766 (Brown, J.)

Dear Judge Brown:

This Office and Respondents in the above referenced habeas matter respectfully submit this letter in response to Your Honor's April 27, 2026, Memorandum and Order ("Decision") denying Respondents' motion for reconsideration. DE 24. The Decision identified four violations: 1) unauthorized warrantless arrest, 2) post-arrest issuance of process, 3) arrest of those with SIJS classification deferred action, and work authorization, and 4) terminating deferred action after Petitioner's arrest and detention, *see id.* at 3-4, and clarifies the Court's March 16, 2026 Memorandum and Order [DE 15], directing Respondents to "advise this Court of the steps that will be taken to ensure . . . that petitioner will not be subject to further illegal or unconstitutional stops, arrests, detention or retaliatory conduct," particularly "with respect to the four violations" identified by the Court in the Decision. Decision at 19.

**Unauthorized Warrantless Arrest/Post-Arrest Issuance**

As an initial matter, ICE confirms that it will not redetain Petitioner for the purpose of a civil immigration enforcement action unless: 1) Petitioner is convicted of, or admits having committed, a felony or other action rendering 8 U.S.C. § 1226(c) applicable, or 2) for the purposes of executing an administratively final removal order under 8 U.S.C. § 1231(a). As of this filing, no removal order has been issued by an immigration judge, let alone has become administratively final.

In the hypothetical event Petitioner were to be redetained -- though, again, ICE undertakes not to do so outside of the limited, reasonable exceptions specified above -- it continues to be ICE's position that a warrant of arrest shall be obtained except when an immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained in accordance with 8 C.F.R. § 287.8(c)(2)(ii). Additionally, Respondents respectfully note that the issue of warrantless

arrests is the subject of a purported class action pending in this District, *Benitez et al. v. U.S. Department of Homeland Security et al.*, No. 2:26-cv-2082-SJB-JMW.[1]

Respondents also respectfully note that, since the issues that arose in this case, the legal landscape has changed, in that the Second Circuit recently held, in *Da Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. April 28, 2026), that 8 U.S.C. § 1225(b)(2)(A) does not apply to aliens who are present in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry. Rather, the Second Circuit ruled that 8 U.S.C. § 1226(a) applies. Respondents acknowledge that *Da Cunha* now controls in this Circuit and Respondents confirm that they will comply with that decision as long as it remains binding authority in this Circuit. Even in the hypothetical event Petitioner were to be redetained, it would be under either §§ 1226(c) or 1231(a), as set forth above.

**Petitioner's SIJ Classification, Deferred Action and Work Authorization/ Deferred Action Termination**

As Respondents have previously notified the Court, USCIS rescinded its termination of Petitioner's deferred action. *See* DE 19-1, n.5. Respondents now respectfully update the Court that USCIS has confirmed that Petitioner's work authorization, based on his deferred action, remains valid through May 27, 2026, sixteen days after this submission, which is the date on which Petitioner's deferred action will naturally expire under its express terms, *i.e.* four years after it originally issued. *See* DE 1-4 (Form I-797, Notice of grant of deferred action dated May 27, 2022); *see also id.* at 2 ("[A] grant of deferred action to a noncitizen with SIJ classification if for a period of 4 years").[2] Since Petitioner's deferred action is expiring on its own in sixteen days, there can be no concern that USCIS will terminate it after that time.[3] Moreover, USCIS has advised this office that it will not undertake not to terminate Petitioner's grant of deferred action before its May 27, 2026 expiry, absent Petitioner being convicted of, or admitting having committed, a felony or other action rendering 8 U.S.C. § 1226(c) applicable, or for the purposes of executing an administratively final removal order under 8 U.S.C. § 1231(a).

Further, Respondents respectfully update the Court as to another administrative development since the events giving rise to this case, which is that Petitioner is now eligible to submit a Form I-485, Application to Register Permanent Residence of Adjustment Status because his Form I-360 (SIJ) priority date is now current. *See* DE 1-3 (I-360 Approval Notice indicating priority date of July 12, 2021); *see also* Department of State Visa Bulletin for March 2026,

---

[1] Respondents note that, here, ICE did not arrest Petitioner using the Form I-200 warrant issued against the originally intended target, who was not Petitioner, but instead arrested Petitioner pursuant to a separate Form I-200. *See* DE 22, Exhibit A.

[2] Although this policy has been rescinded, that rescission is not retroactive. *See* https://www.uscis.gov/sites/default/files/document/memos/PM-602-0198-SIJDeferredAction-20260410.pdf (last visited May 11, 2026). USCIS's April 2026 policy update provided SIJ-classified individuals a 30-day period to apply for renewal of deferred action under the previous SIJ-deferred action policy. *Id.*

[3] Generally, an individual with SIJS classification may apply to USCIS to extend his deferred action by filing Form G-325A, Biographic Information (for Deferred Action); that extension is at the discretion of USCIS. However, extensions are only available where the alien is unable to submit an I-485 because no visa number is available and, as explained below, Petitioner currently no longer meets that requirement.

indicating that visa are available for priority dates on or before July 15, 2021).[4] Once Petitioner files an I-485, its pendency will allow Petitioner to apply for additional work authorization after the expiry of his current work authorization, see 8 C.F.R. § 274a.12(c)(9), independently from his ability to obtain this through his deferred action status. However, although Petitioner has been eligible to file an I-485 since March 2026, Petitioner has chosen not to do so yet.

Based upon the above representations by ICE and USCIS, Respondents respectfully submit that there is no risk that Petitioner will be redetained while his deferred action remains valid, subject to the narrow exceptions set forth above. In sum, Respondents respect that the Court has reached its Decision, but respectfully reserve the arguments in their April 6, 2026 papers and their right to appeal these and other aspects of the Decision once a final decision in this habeas action issues.

Thank you for Your Honor's consideration of this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/ *Thomas R. Price*
Thomas R. Price
Assistant United States Attorney
(631) 715-7893
thomas.price@usdoj.gov

cc: By ECF
Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
*Counsel for Petitioner*

All other counsel of record

---

[4] *See* https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2026/visa-bulletin-for-march-2026.html (last visited May 11, 2026).