



lawyers@dms.law ✉

www.dms.law 🌐

@immigrationattorneyli f

Tuesday, May 12, 2026

VIA ECF
Honorable Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RE:     *Sanchez Alfaro v. Almodovar et al.*, No. 26:cv-00766 (Brown, J.)

Dear Judge Brown:

      This office, through undersigned counsel, represents the petitioner Mr. William Enrique Sanchez Alfaro. Petitioner respectfully submits this brief response to Respondents' May 11, 2026 letter submission. Specifically, Petitioner seeks to clarify Respondents' assertion that Petitioner "has chosen not to" file an adjustment application.

      Prior to ICE's warrantless arrest and initiation of removal proceedings, Petitioner was not in removal proceedings and would have been eligible to pursue adjustment of status directly before USCIS once a visa became available. In that posture, USCIS would have retained jurisdiction over the adjustment application and adjudication could have proceeded through the ordinary administrative process without additional filing costs to Petitioner.

      However, as a direct result of Respondents' actions in arresting, detaining, and placing Petitioner into removal proceedings, jurisdiction over Petitioner's adjustment process was effectively shifted into Immigration Court proceedings where Petitioner now faces EOIR filing fees of $2,980. See, Appendix 1

      Petitioner has not declined or refused to pursue adjustment of status. To the contrary, Petitioner has affirmatively sought to pursue adjustment in the most efficient and appropriate forum available. Indeed, in connection with Petitioner's motion seeking termination of proceedings before the Immigration Judge, Petitioner submitted a completed adjustment package demonstrating both eligibility for and intent to pursue adjustment immediately upon termination of proceedings. See, Appendix 2.

☒ 81 Carleton Ave, Central Islip, NY 11722
☐ 1391 New York Ave, Huntington Station, NY 11746
☐ 80 W. Main St, Riverhead, NY 11901
☐ 27 W. Columbia St, Hempstead, NY 11550

(631) 232-9555 – Fax (631) 232-9520
(631) 427-1158 – Fax (631) 427-6551
(631) 740-9150 – Fax (631) 284-6099
(516) 214-6340 – Fax (516) 280-2455

Petitioner's efforts to seek termination were also driven by significant efficiency and financial considerations. Had Petitioner remained outside removal proceedings, he would have been eligible to pursue adjustment before USCIS without a filing fee pursuant to the applicable SIJS-related fee exemptions. By contrast, adjustment of status before the Immigration Court presently requires payment of filing fees approaching $3,000. Thus, Respondents' actions not only diverted Petitioner into a substantially delayed adjudicative process but also imposed substantial and otherwise unnecessary financial burdens upon him.

Although the Immigration Judge indicated that adjustment of status may ultimately proceed before the Court, Petitioner's initial master calendar hearing is not scheduled until September 2, 2026. See, Appendix 3. Moreover, given the severe backlog presently facing the Immigration Courts — including a nationwide backlog exceeding approximately 3.3 million pending matters and more than 325,000 pending cases in the New York Immigration Courts alone, according to TRAC Immigration data. See, Appendix 4. Final adjudication of Petitioner's adjustment application may be substantially delayed. Immigration Judges are scheduling final hearings in late 2027 and 2028. Petitioner has also filed a motion requesting reconsideration before the Immigration Court. See, Appendix 5.

Accordingly, any delay in adjustment is not attributable to any unwillingness by Petitioner to seek lawful permanent residence, but instead flows directly from Respondents' decision to arrest, detain, and place Petitioner into removal proceedings despite the absence of any criminal history, public safety concern, or meaningful immigration enforcement purpose.

Thank you for Your Honor's consideration of this submission.

Respectfully Submitted,

Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
*Counsel for Petitioner*

cc: *By ECF*
Thomas R. Price, Esq.
*Assistant United States Attorney*

Encl.

# Appendix #1

# Welcome to the EOIR Payment Portal

The EOIR Payment Portal is used to pay filing fees for certain applications and motions before the Immigration Courts and the BIA, and for appeals before the BIA. Please complete the required fields in the box to the right and then click the "Pay Now" button. Once you pay, you will receive a digital receipt that includes a Tracking ID. Please save or print this receipt immediately. You will not receive a copy of your receipt via email.

The Tracking ID will be required if you ever need to retrieve a copy of the receipt.

If paying fees via ACH – first contact your bank to remove any potential ACH debit block for "7001010352" prior to processing the transaction.

For fee schedule information, please reference EOIR's Types of Appeals, Motions, and Required Fees, and EOIR Forms webpages.

Use of this portal is mandatory and does not change any legal requirements or obligations related to filings or payments by the user.

Learn More



**Make a Payment**

| | |
|---|---|
| *Filing Type | Court - Form I-485, Application to Register Permanent Residence or Adjust Status ⌄ |
| Amount | $2,980.00 |
| *A-Number | A-Number |

* Required Fields

Pay Now

This site is protected by hCaptcha and its Privacy Policy and Terms of Service apply.

# Appendix #2

David M. Sperling, Esq.                                   NON-DETAINED
Law Offices of David M. Sperling
81 Carleton Ave.,
Central Islip, NY 11722
631-232-9555

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT
## NEW YORK, NEW YORK

-------------------------------------------------------X

In the matter of:                               **In Removal Proceedings**

SANCHEZ-ALFARO, WILLIAM ENRIQUE          A# 215-774-963

                     Respondent.
-------------------------------------------------------X

Immigration Judge : DeCure, John              Hearing Date: 09/02/2026

# MOTION TO TERMINATE REMOVAL PROCEEDINGS BASED ON APPROVED I-360 WITH DEFERRED ACTION AND VISA NUMBER IMMEDIATELY AVAILABLE FOR ADJUSTMENT OF STATUS

# TABLE OF CONTENTS

**TAB**                                                                                         **PAGES**

A. Motion                                                                                          1-4

B. Proposed Order                                                                                  5

C. Application for Relief (I-485 Application to apply for Permanent Residence                      6-29
   or Adjust Status)

D. Copy of I-360 Approved                                                                          30

E. Copy of March 2026 Visa Bulletin                                                                31

F. Identity Documents                                                                              32-35

G. Federal Court Decision                                                                          36-52

H. Certificate Of Service                                                                          53



EOIR — 3 of 63

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NEW YORK

---------------------------------------------------------X

In the matter of:                           **In Removal Proceedings**

**SANCHEZ-ALFARO, WILLIAM ENRIQUE**         **A# 215-774-963**

Respondent.
---------------------------------------------------------X

## MOTION TO TERMINATE REMOVAL PROCEEDINGS BASED ON APPROVED I-360 WITH DEFERRED ACTION AND VISA NUMBER IMMEDIATELY AVAILABLE FOR ADJUSTMENT OF STATUS

The above-named child, through counsel, is seeking to have his case TERMINATED as he has AN APPROVED I-360 petition with DEFFERED ACTION (Special Immigrant Juvenile Status) and he is eligible to adjust status for permanent residence as his priority date is current and there is NOW a visa available for him. A copy of the I-485 that will be filed with USCIS is attached for the Court's review. *See*, Exhibit C. Mr. Sanchez Alfaro has proven to be an outstanding non-citizen of the U.S. and has proven to have good moral character and favorable discretion. *See*, *Exhibits D through F*.

Respondent entered the United States on January 15, 2018, as an unaccompanied minor. Although a Notice to Appear ("NTA") was issued in 2018, the Department of Homeland Security ("DHS") never filed the NTA with the Immigration Court, and Respondent was therefore never placed into removal proceedings. On April 22, 2022, U.S. Citizenship and Immigration Services ("USCIS") approved Respondent's Form I-360, Petition for Special Immigrant Juvenile status. Thereafter, on May 27, 2022, USCIS issued an amended approval granting Respondent deferred action.

On February 6, 2026, Respondent was arrested and detained by Immigration and Customs Enforcement ("ICE") without a warrant and without any alleged criminal conduct, and ICE subsequently revoked his deferred action, revoked his employment authorization and issued a new NTA. In response, Respondent filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. On February 12, 2026, the District Court ordered Respondent's release on his own recognizance. Following a full evidentiary hearing on February 25, 2026, the Court issued a decision on March 16, 2026, granting the habeas petition provisionally

1

pending further proceedings, maintaining Respondent's release, vacating DHS's revocation of deferred action and employment authorization as without force and effect, and ordering DHS and ICE to comply with the Court's ruling and other issues concerning ICE enforcement actions. *See,* Exhibit G.

Respondent remains eligible for adjustment of status, and his deferred action has been restored by order of the District Court, therefore termination is the appropriate action on this case and the Immigration Judge has the authority to terminate these proceedings based on *Matter of Coronado Acevedo* 28 I&N Dec. 648 (A.G. 2022) and The Efficient Case and Docket Management in Immigration Proceedings Regulations. *Federal Register/ Vol 89, No.104.*

The Immigration Court system, known as EOIR, is severely backlogged with millions of pending unadjudicated cases. There is no justifiable reason for this case to remain on the active case docket when the Immigration Court has millions of cases that must remain on the active docket.

*Matter of Coronado Acevedo,* which is still the current law, states that Immigration Judges and the Board of Immigration of Appeals may consider and, where appropriate, grant termination or dismissal of removal proceedings in certain types of limited circumstances, such as where a noncitizen has obtained lawful permanent residence after being placed in removal proceedings, where the pendency of removal proceedings causes adverse immigration consequences for a respondent who must travel abroad to obtain a visa, or where termination is necessary for the respondent to be eligible to seek immigration relief before United States Citizenship and Immigration Services. See, *Matter of Coronado Acevedo* 28 I&N Dec. 648 (A.G. 2022).

On May 29, 2024, the Department of Justice (DOJ) issued final regulations, effective July 29, 2024, codifying the ability of adjudicators within the Executive Office for Immigration Review (EOIR) to administratively close and terminate removal proceedings when certain standards are met. Administrative closure is a docket-management tool with a long history of use by EOIR in which a case is removed from the active docket. While the noncitizen remains subject to removal, proceedings are effectively suspended, and either party may file a motion to re-calendar at any time to return the case to the active docket.

In termination of proceedings, termination refers to the EOIR adjudicator's authority to end removal proceedings in certain circumstances. The regulations provide a framework and **explicit authority** for IJs and Board members to terminate removal proceedings if certain criteria are met. Termination of proceedings may be with or without prejudice, depending on the facts and circumstances of the case. A removal case terminated "with prejudice" is terminated permanently,

EOIR – 5 of 63

2

whereas a case terminated "without prejudice" permits the government to reinitiate proceedings in the future.

The regulations distinguish between the IJ's authority to terminate in the situations and DHS's authority as a prosecutor to move to dismiss proceedings. DHS's dismissal authority is found in separate regulations contained at 8 CFR § 239.2 and is not affected by these new regulations.

As per 8 CFR §§ 1003.1(m)(1)(i), 1003.18(d)(1)(i) termination is mandatory in the following circumstances:

- No charge of removability can be sustained;
- The noncitizen is mentally incompetent and proper safeguards pursuant to *Matter of M-A-M-*, 25 I&N Dec. 474 (BIA 2011) are not possible, thus rendering the proceedings fundamentally unfair;
- The noncitizen has obtained United States citizenship;
- The noncitizen has obtained lawful permanent resident status, refugee status, asylee status, or nonimmigrant status under INA § 101(a)(15)(S), (T), or (U);
- Termination is required under 8 CFR § 1245.13(l) (provisions related to adjustment of status for certain Cuban and Nicaraguan nationals);
- Termination is otherwise required by law; or
- The parties jointly filed a motion to terminate, or one party filed a motion to terminate and the other party affirmatively indicated its non-opposition, unless the adjudicator articulates "unusual, clearly identified, and supported reasons" for denying the motion.

There are times when *termination is discretionary*. An EOIR adjudicator, under 8 CFR §§ 1003.1(m)(1)(ii), 1003.18(d)(1)(ii), may terminate removal proceedings under the regulations based on the following circumstances:

- An unaccompanied child, as defined in 8 CFR § 1001.1(hh), has filed an asylum application with USCIS pursuant to INA § 208(b)(3)(C) (pertaining to unaccompanied children). USCIS has initial jurisdiction over asylum applications filed by unaccompanied children;
- The noncitizen demonstrates prima facie eligibility for relief from removal, or lawful status based on a petition, application, or other action over which USCIS would have jurisdiction were the noncitizen not in removal proceedings, such as naturalization or adjustment of status;
- The noncitizen is the beneficiary of Temporary Protected Status (TPS), deferred action, or Deferred Enforced Departure (DED). Note that since proceedings may be terminated

3

under the regulations but are not required to be terminated in these circumstances, a beneficiary of TPS, deferred action,

- or DED could continue to pursue relief before the immigration court, such as asylum, should they choose to do so;
- USCIS has granted the noncitizen's provisional unlawful presence waiver;
- Termination is authorized by 8 CFR §1216.4(a)(6) (relating to termination for adjudication of an I-751 petition) or 1238.1(e) (relating to termination for certain non-LPRs convicted of aggravated felonies); and
- In circumstances comparable to those above.

The regulations do not allow for termination of cases for purely humanitarian reasons if DHS does not agree to termination. 8 CFR § 1003.1(m)(1)(ii)(F), 1003.18(d)(1)(ii)(F). Thus, an IJ cannot unilaterally decide to terminate removal proceedings for purely humanitarian reasons.

The Court has now the authority, without DHS consent, to terminate the case, and it is respectfully requested that the Court grant the motion for termination without prejudice.

Respectfully Submitted,

David M Sperling, Esq.,
03/25/2026

4

B

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NEW YORK

---------------------------------------------------X

In the matter of:

SANCHEZ-ALFARO, WILLIAM ENRIQUE

Respondent.

---------------------------------------------------X

<u>In Removal Proceedings</u>

A# 215-774-963

## ORDER OF THE IMMIGRATION JUDGE

Upon consideration of the MOTION TO TERMINATE REMOVAL PROCEEDINGS BASED ON APPROVED I-360 WITH DEFERRED ACTION AND VISA NUMBER IMMEDIATELY AVAILABLE FOR ADJUSTMENT OF STATUS, it is HEREBY ORDERED that the motion be:
□ **GRANTED** □ **DENIED** because:

□     DHS does not oppose the motion.
□     The respondent does not oppose the motion.
□     A response to the motion has not been filed with the court.
□     Good cause has been established for the motion.
□     The court agrees with the reasons stated in the opposition to the motion.
□     The motion is untimely per _____.
□     Other:

Deadlines:

□     The application(s) for relief must be filed by _____.
□     The respondent must comply with DHS biometrics instructions by _____.

_____          _____
Date                                                         Immigration Judge

_____
### Certificate of Service

This document was served by: | | Mail          | | Personal Service
To:    | | Alien          | | Alien c/o Custodial Officer          | | Alien's Atty/Rep          | | DHS
Date: _____          By: Court Staff_____





# Application to Register Permanent Residence
## or Adjust Status

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS**
**Form I-485**
OMB No. 1615-0023
Expires 10/31/2027

| For USCIS Use Only | | |
|---|---|---|
| **Preference Category:** | **Receipt** | **Action Block** |
| **Country Chargeable:** | | |
| **Priority Date:** | | |
| **Date Form I-693 Signed By Civil Surgeon:** | | |

| | Section of Law | |
|---|---|---|
| ☐ Applicant Interviewed ☐ Interview Waived | ☐ INA 209(a) ☐ INA 245(m) | |
| Date of Initial Interview: _____ | ☐ INA 209(b) ☐ INA 249 | |
| | ☐ INA 245(a) ☐ Sec. 13, Act of 9/11/57 | |
| Lawful Permanent Resident as of: _____ | ☐ INA 245(i) ☐ Cuban Adjustment Act | |
| | ☐ INA 245(j) ☐ Other _____ | |

### To be completed by an Attorney or Accredited Representative (if any).

| ☒ Select this box if Form G-28 is attached. | **Volag Number** (if any) | **Attorney State Bar Number** (if applicable) | **Attorney or Accredited Representative USCIS Online Account Number (if any)** |
|---|---|---|---|
| | | | |

▶ **START HERE - Type or print in black ink.**

A-Number ▶ A- 2 1 5 7 7 4 9 6 3

**NOTE TO ALL APPLICANTS:** If you do not completely fill out this application or fail to submit required documents listed in the Instructions, U.S. Citizenship and Immigration Services (USCIS) may reject or deny your application.

For all sections of this application, if you need to provide any additional information or are instructed to provide an explanation, use the space provided in **Part 14. Additional Information.**

## Part 1. Information About You (Person applying for lawful permanent residence)

1. Your Current Legal Name (**Do not** provide a nickname)

| Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable) |
|---|---|---|
| SANCHEZ-ALFARO | William | Enrique |

2. Other Names You Have Used Since Birth (if applicable)

Provide all other names you have ever used, including your family name at birth, other legal names, nicknames, aliases, and assumed names.

| Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable) |
|---|---|---|
| N/A | | |
| | | |

3. Date of Birth (mm/dd/yyyy) 09/24/2000

Have you ever used any other date of birth? ☐ Yes ☒ No

If you answered "Yes," provide all other dates of birth (mm/dd/yyyy).

| |
|---|
| |
| |

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 1. Information About You (Person applying for lawful permanent residence) (continued)

**4.** Do you have an Alien Registration Number (A-Number)?    ☒ Yes ☐ No

If you answered "Yes," provide your A-Number.

A-Number (if any) ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

**5.** Have you ever used, or been assigned, any other A-Number?    ☐ Yes ☒ No

If you answered "Yes," provide the A-Numbers.

**6.** Sex    ☒ Male    ☐ Female

**7.** Place of Birth

| City or Town of Birth | Country of Birth |
|---|---|
| Concepcion Batres, Usulutan | El Salvador |

**8.** Country of Citizenship or Nationality

El Salvador

**9.** USCIS Online Account Number (if any)

▶

If one has been assigned, you can find it on a notice that USCIS may have sent to you.

**10.** Recent Immigration History

If you last entered the United States using a passport or travel document, provide the following information.

Passport or Travel Document Number Used at Last Arrival

Expiration Date of this Passport or Travel Document (mm/dd/yyyy)

Country that Issued this Passport or Travel Document

Nonimmigrant Visa Number Used During Most Recent Arrival (if any)

Date Nonimmigrant Visa Was Issued  (mm/dd/yyyy)

Place and Date of Last Arrival into the United States

| City or Town | State | Date of Last Arrival (mm/dd/yyyy) |
|---|---|---|
| Hidalgo | TX | 07/15/2018 |

**11.** When I last arrived in the United States:

☐ I was inspected at a Port of Entry and admitted as (for example, exchange visitor, visitor, temporary worker, student):

☐ I was inspected at a Port of Entry and paroled as (for example, humanitarian parole, Cuban parole):

☒ I came into the United States without admission or parole.

☐ Other:

EOIR – 12 of 63

7

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 1. Information About You (Person applying for lawful permanent residence) (continued)

**12.** If you were issued a Form I-94 Arrival/Departure Record, provide the information from your most recent Form I-94 below:

Family Name (Last Name)

Given Name (First Name)

Form I-94 Arrival/Departure Record Number ▶

Expiration Date of Authorized Stay Shown on Form I-94 (mm/dd/yyyy) or Type or Print "D/S" for Duration of Status

Immigration Status on Form I-94 (for example, class of admission, or paroled, if paroled)

**13.** Was your last arrival the first time you were physically present in the United States? ☒ Yes ☐ No

**14.** What is your current immigration status (if it has changed since your last arrival)? I-360 Approved

**15.** Expiration Date of Current Immigration Status (mm/dd/yyyy) or Type or Print "D/S" for Duration of Status  N|A

**16.** Have you ever been issued an "alien crewman" visa? ☐ Yes ☒ No

**17.** Did you last arrive in the United States to join a vessel as a seaman or crewman, or while serving in any capacity aboard a vessel or aircraft? ☐ Yes ☒ No

**18.** Addresses

**Current U.S. Physical Address**

In Care Of Name (if any)

William E. Sanchez Alfaro

Street Number and Name
35 PAULS PATH

Apt. Ste. Flr. ☐ ☐ ☐  Number

City or Town
CORAM

State
NY

ZIP Code
11727

Date You First Resided at This Address (mm/dd/yyyy)  08/2025

Is this your current mailing address? ☒ Yes ☐ No

If you answered "No," provide your current mailing address.

**Current Mailing Address (Safe or Alternate Mailing Address, if applicable)**

In Care Of Name (if any)

Street Number and Name

Apt. Ste. Flr. ☐ ☐ ☐  Number

City or Town

State

ZIP Code

8

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 1. Information About You (Person applying for lawful permanent residence) (continued)

Have you resided at your current address for at least 5 years?  ☐ Yes  ☒ No

If you answered "No," provide your prior address(es) for the last 5 years. Use the space provided in **Part 14. Additional Information**, if necessary.

**Prior Address**

In Care Of Name (if any)

William E. Sanchez Alfaro

| Street Number and Name | Apt. Ste. Flr. ☐ ☐ ☐ | Number |
|---|---|---|
| 47 Seymour Ln | | |

| City or Town | State | ZIP Code |
|---|---|---|
| Medford | NY | 11763 |

| Province | Postal Code | Country |
|---|---|---|
| | | USA |

Dates of Residence

From (mm/dd/yyyy) 12/2019    To (mm/dd/yyyy) 8/2025

**Most Recent Address Outside the United States**

Provide your most recent physical address outside the United States where you lived for more than one year (if not already listed above).

| Street Number and Name | Apt. Ste. Flr. ☐ ☐ ☐ | Number |
|---|---|---|
| Canton Miramar | | |

| City or Town | State | ZIP Code |
|---|---|---|
| Concepcion Batres, Usulutan | | |

| Province | Postal Code | Country |
|---|---|---|
| | | El Salvador |

Dates of Residence

From (mm/dd/yyyy) 09/2000    To (mm/dd/yyyy) 07/2018

19. Social Security Card

Has the Social Security Administration (SSA) ever officially issued a Social Security card to you?  ☒ Yes  ☐ No

If you answered "Yes," provide your U.S. Social Security Number (SSN). ▶ | 2 | 9 | 8 | 3 | 5 | 3 | 7 | 1 | 4 |

Do you want the SSA to issue you a Social Security card?  ☒ Yes  ☐ No

If you answered "Yes," you must also answer "Yes" to the **Consent for Disclosure below.**

**Consent for Disclosure:** I authorize disclosure of information from this application to the SSA as required for the purpose of assigning me an SSN and issuing me a Social Security Card.  ☒ Yes  ☐ No

EOIR – 14 of 63

9

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 2. Application Type or Filing Category

1. Are you filing for adjustment of status with the Executive Office for Immigration Review (EOIR) while in removal, exclusion, rescission, or deportation proceedings?  ☐ Yes  ☒ No

2. Receipt Number of Underlying Petition (if any)

MSC2915582354

Priority Date from Underlying Petition (if any)
(mm/dd/yyyy) | 07 | 12 | 2021 |

I am filing this Form I-485 as a (select **only one box**):

☒ Principal Applicant

☐ Derivative Applicant (Provide the following information about the principal applicant.)

Principal Applicant's Name

| Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable) |
|---|---|---|
| Sanchez Alfaro | William | Enrique |

Principal Applicant's A-Number (if any)
▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

Principal Applicant's Date of Birth
(mm/dd/yyyy) | 09 | 24 | 2000 |

I am applying based on the following category (You must select **ONLY ONE** category. If you are filing as a derivative applicant, select the appropriate box based on the category under which the principal applicant is applying or has applied. See the Form I-485 Instructions for more information, including any **Additional Instructions** that relate to the immigrant category you select.):

3.a. **Family-based**

Immediate relative of a U.S. citizen, Form I-130, I-129F, or I-360 (select your specific category below):

☐ Spouse of a U.S. Citizen.

☐ Unmarried child under 21 years of age of a U.S. citizen.

☐ Parent of a U.S. citizen (if the citizen is at least 21 years of age).

☐ Person admitted to the United States as a fiancé(e) or child of a fiancé(e) of a U.S. citizen (K-1/K-2 Nonimmigrant).

☐ Widow or widower of a U.S. citizen.

☐ Spouse, child, or parent of a deceased U.S. active-duty service member in the armed forces under the National Defense Authorization Act (NDAA).

Other relative of a U.S. citizen under the family-based preference categories, Form I-130 (select your specific category below):

☐ Unmarried son or daughter of a U.S. citizen and I am 21 years of age or older.

☐ Married son or daughter of a U.S. citizen.

☐ Brother or sister of a U.S. citizen (if the citizen is at least 21 years of age).

Relative of a lawful permanent resident under the family-based preference categories, Form I-130 (select your specific category below):

☐ Spouse of a lawful permanent resident.

☐ Unmarried child under 21 years of age of a lawful permanent resident.

☐ Unmarried son or daughter of a lawful permanent resident and I am 21 years of age or older.

VAWA self-petitioner (victim of battery or extreme cruelty), Form I-360 (select your specific category below):

☐ VAWA self-petitioning spouse of a U.S. citizen or lawful permanent resident.

☐ VAWA self-petitioning child of a U.S. citizen or lawful permanent resident.

☐ VAWA self-petitioning parent of a U.S. citizen (if the citizen is at least 21 years of age).

10

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 2. Application Type or Filing Category (continued)

**3.b.  Employment-based**

☐ Alien Investor, Form I-526 or Form I-526E

Alien Workers, Form I-140 (select your category below and answer the following questions below, as applicable):

☐ Alien of Extraordinary Ability

☐ Outstanding Professor or Researcher

☐ Multinational Executive or Manager

☐ Member of the Professions Holding an Advanced Degree or Alien of Exceptional Ability (who is NOT seeking a National Interest Waiver)

☐ A Professional (at a minimum, requiring a bachelor's degree or a foreign degree equivalent to a U.S. bachelor's degree)

☐ A Skilled Worker (requiring at least 2 years of specialized training or experience)

☐ Any Other Worker (requiring less than 2 years of training or experience)

☐ An Alien Applying For a National Interest Waiver (who IS a member of the professions holding an advanced degree or an alien of exceptional ability)

Did a relative file the associated Form I-140 for you (or for the principal applicant if you are a derivative applicant) or does a relative have a significant ownership interest (5 percent or more) in the business that filed Form I-140 for you (or for the principal applicant, if you are a derivative applicant)?

☐ N/A (I am adjusting on the basis of a Form I-140 self-petition)

☐ No

☐ Yes

If you answered "Yes," is this relative your (select only one box):

☐ Father  ☐ Mother  ☐ Child  ☐ Adult Son  ☐ Adult Daughter  ☐ Brother  ☐ Sister

☐ None of These

Is the relative above a:

☐ U.S. Citizen  ☐ U.S. National  ☐ Lawful Permanent Resident  ☐ None of These

**3.c.  Special Immigrant**

☒ Special Immigrant Juvenile, Form I-360

☐ Certain Afghan or Iraqi National, Form I-360 or Form DS-157

☐ Certain International Broadcaster, Form I-360

☐ Certain G-4 International Organization or Family Member or NATO-6 Employee or Family Member, Form I-360

☐ Certain U.S. Armed Forces Members (also known as the Six and Six program), Form I-360

☐ Panama Canal Zone Employees, Form I-360

☐ Certain Physicians, Form I-360

☐ Certain Employee or Former Employee of the U.S. Government Abroad, DS-1884

Religious Worker, Form I-360 (select your specific category below):

☐ Minister of Religion

☐ Other Religious Worker

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 2. Application Type or Filing Category (continued)

**3.d. Asylee or Refugee**

☐ Asylum Status (Immigration and Nationality Act (INA) section 208), Form I-589 or Form I-730

If you selected asylum, date you were granted asylum (mm/dd/yyyy).

☐ Refugee Status  (INA section 207), Form I-590 or Form I-730

If you selected refugee, date of initial admission as refugee (mm/dd/yyyy).

**3.e. Human Trafficking Victim or Crime Victim**

☐ Human Trafficking Victim (T Nonimmigrant), Form I-914 or Derivative Family Member, Form I-914A

☐ Victim of Qualifying Criminal Activity (U Nonimmigrant), Form I-918, Derivative Family Member, Form I-918A, or Qualifying Family Member, Form I-929

**3.f. Special Programs Based on Certain Public Laws**

☐ The Cuban Adjustment Act

☐ A Victim of Battery or Extreme Cruelty as a Spouse or Child Under the Cuban Adjustment Act

☐ Applicant Adjusting Based on Dependent Status Under the Haitian Refugee Immigrant Fairness Act

☐ A Victim of Battery or Extreme Cruelty as a Spouse or Child Applying Based on Dependent Status Under the Haitian Refugee Immigrant Fairness Act

☐ Lautenberg Parolees

☐ Diplomats or High-Ranking Officials Unable to Return Home (Section 13 of the Act of September 11, 1957)

☐ Nationals of Vietnam, Cambodia, and Laos Applying for Adjustment of Status Under section 586 of Public Law 106-429

☐ Applicant Adjusting Under the Amerasian Act (October 22, 1982), Form I-360

**3.g. Additional Options**

☐ Diversity Visa program

If you selected Diversity Visa program, provide your Diversity Visa Rank Number:

☐ Continuous Residence in the United States Since Before January 1, 1972 ("Registry")

☐ Individual Born in the United States Under Diplomatic Status

☐ S Nonimmigrants and Qualifying Family Members (can only adjust in this category with an approved Form I-854B filed by a law enforcement officer)

☐ Other Eligibility

4. If you selected a family-based, employment-based, special immigrant, or Diversity Visa immigrant category listed above in **Item Numbers 3.a. - 3.g.** as the basis for your application for adjustment of status, are you applying for adjustment based on INA section 245(i)?     ☐ Yes   ☒ No

5. Are you 21 years of age or older and applying for adjustment based on classification as a child, under the provisions of the Child Status Protection Act (CSPA)?     ☐ Yes   ☒ No

**NOTE:** For more information to determine if you are eligible under CSPA, see the **Who May File Form I-485** section of these Instructions.

12

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 3. Request for Exemption for Intending Immigrant's Affidavit of Support Under Section 213A of the INA

I am requesting an exemption from submitting an Affidavit of Support Under Section 213A of the INA (Form I-864 or Form I-864EZ) because (select **only one**):

1.a. ☐ I have earned or can receive credit for 40 qualifying quarters (credits) of work in the United States (as defined by the Social Security Act (SSA)). (Attach your SSA earnings statements. Do not count any quarters during which you received a means-tested public benefit.)

1.b. ☐ I am under 18 years of age, unmarried, the child of a U.S. citizen, am not likely to become a public charge, and will automatically become a U.S. citizen under INA section 320, upon my admission as a lawful permanent resident.

1.c. ☐ I am applying under the widow or widower of a U.S. citizen (Form I-360) immigrant category.

1.d. ☐ I am applying as a VAWA self-petitioner.

1.e. ☒ None of these exemptions apply to me and I am not required by statute to submit an Affidavit of Support Under Section 213A of the INA, nor am I required to request an exemption.

1.f. ☐ None of these exemptions apply to me and I am not requesting an exemption as I am required to submit an Affidavit of Support Under Section 213A of the INA.

## Part 4. Additional Information About You

1. Have you ever applied for an immigrant visa to obtain permanent resident status at a U.S. Embassy or U.S. Consulate abroad?   ☐ Yes  ☒ No

   If you answered "Yes," complete **Item Numbers 2. - 4.** below.

2. Location of U.S. Embassy or U.S. Consulate

   | City or Town | Country |
   |---|---|
   |  |  |

3. Decision (for example, approved, refused, denied, withdrawn)

4. Date of Decision (mm/dd/yyyy)

5. Have you previously applied for permanent residence while in the United States?   ☐ Yes  ☒ No

6. Have you EVER held lawful permanent resident status which was later rescinded under INA section 246?   ☐ Yes  ☒ No

**Employment and Educational History**

7. Provide ALL of your employment and educational history for the last 5 years as indicated in the Instructions. Provide your current employment or school attended first. Include periods of self-employment, unemployment, or retirement. For each period of unemployment or retirement, list source of financial support. If you have additional employment or educational history, use the space provided in **Part 14. Additional Information.**

   Employer or School (current or most recent)

   *Employer*

   Name of Employer, Company, or School

   Primetime Welding

   Your Occupation (if unemployed or retired, so state)

   Construction

13

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 4. Additional Information About You (continued)

Address of Employer, Company, or School

Street Number and Name

47 Seymour Ln

Apt. ☐ Ste. ☐ Flr. ☐  Number

City or Town

Medford

State

NY

ZIP Code

11763

Province

Postal Code

Country

USA

Dates of Employment, Unemployment, Retirement, or School Attendance

From (mm/dd/yyyy) [          ]  To (mm/dd/yyyy) Present

If unemployed or retired, source of financial support:

8. Provide your most recent employer or school outside of the United States (if not already listed above).

Name of Employer, Company, or School

Your Occupation (if unemployed or retired, so state)

Address of Employer, Company, or School

Street Number and Name

Apt. ☐ Ste. ☐ Flr. ☐  Number

City or Town

State

ZIP Code

Province

Postal Code

Country

Dates of Employment, Unemployment, Retirement, or School Attendance

From (mm/dd/yyyy) [          ]  To (mm/dd/yyyy) [          ]

If unemployed or retired, source of financial support:

## Part 5. Information About Your Parents

### Information About Your Parent 1

1. Parent 1's Legal Name

Family Name (Last Name)

Sanchez Bermudez

Given Name (First Name)

Ruperto

Middle Name (if applicable)

2. Parent 1's Name at Birth (if different than above)

Family Name (Last Name)

N/A

Given Name (First Name)

Middle Name (if applicable)

3. Date of Birth (mm/dd/yyyy) 05/02/1982

Form I-485 Edition 01/20/25

Page 9 of 24

EOIR – 19 of 63

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 5. Information About Your Parents (continued)

4. Country of Birth

El Salvador

### Information About Your Parent 2

5. Parent 2's Legal Name

| Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable) |
|---|---|---|
| Alfaro Gaitan | Maria | |

6. Parent 2's Name at Birth (if different than above)

| Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable) |
|---|---|---|
| N/A | | |

7. Date of Birth (mm/dd/yyyy)   N/A

8. Country of Birth

El Salvador

## Part 6. Information About Your Marital History

1. What is your current marital status?

[X] Single, Never Married  ☐ Married  ☐ Divorced  ☐ Widowed  ☐ Marriage Annulled  ☐ Legally Separated

2. If you are married, is your spouse a current member of the U.S. armed forces or U.S. Coast Guard?  ☐ N/A  ☐ Yes  ☐ No

3. How many times have you been married (including your current marriage, marriages abroad, annulled marriages, and marriages to the same person)? 0

### Information About Your Current Marriage (including if you are legally separated)

4. Current Spouse's Legal Name

| Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable) |
|---|---|---|
| | | |

5. Current Spouse's A-Number (if any)

▶ A- | | | | | | | | |

6. Current Spouse's Date of Birth (mm/dd/yyyy)

7. Current Spouse's Country of Birth

8. Current Spouse's Current Physical Address

Street Number and Name | Apt. ☐ Ste. ☐ Flr. ☐ Number

City or Town | State | ZIP Code

Province | Postal Code | Country

15

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 6. Information About Your Marital History (continued)

9.  Place of Marriage to Current Spouse

City or Town

State or Province

Country

Date of Marriage to Current Spouse (mm/dd/yyyy)

10. Is your current spouse applying with you?  ☐ Yes  ☐ No

### Information About Prior Marriages (if any)

11. Prior Spouse's Legal Name (provide family name before marriage)

Family Name (Last Name)

Given Name (First Name)

Middle Name (if applicable)

12. Prior Spouse's Date of Birth (mm/dd/yyyy)

13. Prior Spouse's Country of Birth

14. Prior Spouse's Country of Citizenship or Nationality

15. Date of Marriage to Prior Spouse's (mm/dd/yyyy)

16. Place of Marriage to Prior Spouse

City or Town

State or Province

Country

17. Place Where Marriage with Prior Spouse Legally Ended

City or Town

State or Province

Country

Date of Marriage with Prior Spouse Legally Ended  (mm/dd/yyyy)

18. How Marriage Ended with Prior Spouse (select one):

☐ Annulled  ☐ Divorced  ☐ Spouse Deceased  ☐ Other (Explain):

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 7. Information About Your Children

1. Indicate the total number of ALL living children anywhere in the world (including adult sons and daughters) that you have.

   **NOTE:** The term "children" includes all biological or legally adopted children, as well as current stepchildren, of any age, whether born in the United States or other countries, married or unmarried, living with you or elsewhere and includes any missing children and those born to you outside of marriage.

   | 0 |

   Provide the following information for each of your children. If you have more than two children, use the space provided in **Part 14. Additional Information.**

2. Child 1

   Current Legal Name

   Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable)

   A-Number (if any) ▶ A- | | | | | | | | Date of Birth (mm/dd/yyyy) |

   Country of Birth

   What is your child's relationship to you? (for example, biological child, stepchild, legally adopted child)

   Is this child also applying now on a separate Form I-485?   ☐ Yes  ☐ No

3. Child 2

   Current Legal Name

   Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable)

   A-Number (if any) ▶ A- | | | | | | | | Date of Birth (mm/dd/yyyy) |

   Country of Birth

   What is your child's relationship to you? (for example, biological child, stepchild, legally adopted child)

   Is this child also applying now on a separate Form I-485?   ☐ Yes  ☐ No

17

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 8. Biographic Information

1. Ethnicity (Select only one box)

   [X] Hispanic or Latino  [ ] Not Hispanic or Latino

2. Race (Select all applicable boxes)

   [ ] American Indian or Alaska Native  [ ] Asian  [ ] Black or African American

   [ ] Native Hawaiian or Other Pacific Islander  [X] White

3. Height  Feet |5|  Inches |4|   4.  Weight  Pounds |1| |6| |8|

5. Eye Color (Select only one box)

   [X] Black  [ ] Blue  [ ] Brown  [ ] Gray  [ ] Green  [ ] Hazel  [ ] Maroon  [ ] Pink  [ ] Unknown/Other

6. Hair Color (Select only one box)

   [ ] Bald (No hair  [X] Black  [ ] Blond  [ ] Brown  [ ] Gray  [ ] Red  [ ] Sandy  [ ] White  [ ] Unknown/Other

## Part 9. General Eligibility and Inadmissibility Grounds

Choose the answer that you think is correct in **Part 9**. If you answer "Yes" to any questions (or if you answer "No," but are unsure of your answer), provide an explanation of the events and circumstances in the space provided in **Part 14. Additional Information.**

1. Have you **EVER** been a member of, involved in, or in any way associated with any organization, association, fund, foundation, party, club, society, or similar group in the United States or in any other location in the world?   [ ] Yes  [X] No

   If you answered "Yes" to **Item Number 1.**, complete **Item Numbers 2. - 9.** If you were a member of more than two organizations, use the space provided in **Part 14. Additional Information.**

*Organization 1*

2. Name of Organization

3. City or Town                                    State or Province

   Country

4. Nature of Organization, including its purposes and activities, whether illicit or legitimate.

   Nature of involvement in organization, including role or positions(s) held, whether illicit or legitimate.

5. Dates of Membership or Dates of Involvement

   From (mm/dd/yyyy)                    To (mm/dd/yyyy)

*Organization 2*

6. Name of Organization

18

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 9. General Eligibility and Inadmissibility Grounds (continued)

7. City or Town

State or Province

Country

8. Nature of Organization, including its purposes and activities, whether illicit or legitimate.

Nature of involvement in organization, including role or positions(s) held, whether illicit or legitimate.

9. Dates of Membership or Dates of Involvement

From (mm/dd/yyyy)

To (mm/dd/yyyy)

| | | Yes | No |
|---|---|---|---|
| 10. | Have you EVER been denied admission to the United States? | ☐ Yes | ☒ No |
| 11. | Have you EVER been denied a visa to the United States? | ☐ Yes | ☒ No |
| 12. | Have you EVER worked in the United States without authorization? | ☐ Yes | ☒ No |
| 13. | Have you EVER violated the terms or conditions of your nonimmigrant status? | ☐ Yes | ☒ No |
| 14. | Are you presently or have you EVER been in removal, exclusion, rescission, or deportation proceedings, including expedited removal proceedings? | ☒ Yes | ☐ No |
| 15. | Have you EVER been issued a final order of exclusion, deportation, or removal? | ☐ Yes | ☒ No |
| 16. | Have you EVER had a prior final order of exclusion, deportation, or removal reinstated? | ☐ Yes | ☒ No |
| 17. | Have you EVER been granted voluntary departure by an immigration officer or an immigration judge but failed to depart within the allotted time? | ☐ Yes | ☒ No |
| 18. | Have you EVER applied for any kind of relief or protection from removal, exclusion, or deportation? | ☐ Yes | ☒ No |
| 19. | Have you EVER been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement? | ☐ Yes | ☒ No |
| 20. | If you answered "Yes" to Item Number 19., have you complied with the foreign residence requirement? | ☐ Yes | ☒ No |
| 21. | If you answered "Yes" to Item Number 19. and "No" to Item Number 20., have you been granted a waiver or has Department of State issued a favorable waiver recommendation letter for you? | ☐ Yes | ☒ No |

### Criminal Acts and Violations

For Item Numbers 22. - 41., you must answer "Yes" to any question that applies to you, even if your records were sealed or otherwise cleared, or even if anyone, including a judge, law enforcement officer, or attorney, told you that you no longer have a record. You must also answer "Yes" to the following questions whether the action or offense occurred here in the United States or anywhere else in the world. If you answer "Yes" to Item Numbers 22. - 41., use the space provided in **Part 14. Additional Information** to provide an explanation for each offense, if applicable, that includes a description of the criminal offense; where the criminal offense occurred; when the criminal offense occurred; whether you were arrested, cited, charged, or detained for the criminal offense you committed; and the outcome or disposition of that criminal offense (for example, convicted, placement in a diversion program, no charges filed, charges dismissed, jail, prison, detention, probation, or community service). Your explanation must include the duration of any sentence to confinement (even if suspended).

22. Have you EVER been arrested, cited, charged, or permitted to participate in a diversion program (including   ☒ Yes   ☐ No pre-trial diversion, deferred prosecution, deferred adjudication, or any withheld adjudication), or detained for any reason by any law enforcement official in any country including but not limited to any U.S. immigration official or any official of the U.S. armed forces or U.S. Coast Guard or by a similar official of a country other than the United States?

EOIR — 24 of 63

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 9. General Eligibility and Inadmissibility Grounds (continued)

**23.** Have you EVER committed a crime of any kind (even if you were not arrested, cited, charged with, or tried for that crime, or convicted)? ☐ Yes ☒ No

**24.** Have you EVER pled guilty to or been convicted of a crime or offense (even if the violation was subsequently expunged or sealed by a court, or if you were granted a pardon, amnesty, a rehabilitation decree, or other act of clemency)? ☐ Yes ☒ No

**NOTE:** If you were the beneficiary of a pardon, amnesty, a rehabilitation decree, or other act of clemency, provide documentation of that post-conviction action.

**25.** Have you EVER been ordered punished by a judge or had conditions imposed on you that restrained your liberty (such as a prison sentence, suspended sentence, house arrest, parole, alternative sentencing, drug or alcohol treatment, rehabilitative programs or classes, probation, or community service)? ☐ Yes ☒ No

**26.** Have you EVER violated (or attempted or conspired to violate) any controlled substance law or regulation of a state, the United States, or a foreign country? ☐ Yes ☒ No

**27.** Have you EVER trafficked in or benefited from, or knowingly aided, abetted, assisted, conspired or colluded in the illegal trafficking of any controlled substances, such as chemicals, illegal drugs, or narcotics? ☐ Yes ☒ No

**28.** Are you the spouse, son, or daughter of an alien who illicitly trafficked or aided (or otherwise abetted, assisted, conspired, or colluded) in the illicit trafficking of a controlled substance, such as chemicals, illegal drugs, or narcotics and you obtained, within the last 5 years, any financial or other benefit from this activity of your spouse or parent? ☐ Yes ☒ No

**29.** If your answer to Item Number 28. is "Yes," did you know or should you have reasonably known that the financial or other benefit you obtained resulted from this activity of your spouse or parent? ☐ Yes ☒ No

**30.** Have you EVER engaged in prostitution or are you coming to the United States to engage in prostitution? ☐ Yes ☒ No

**31.** Have you EVER directly or indirectly procured or attempted to procure, or imported prostitutes or persons for the purpose of prostitution? ☐ Yes ☒ No

**32.** Have you EVER received any proceeds or money from prostitution? ☐ Yes ☒ No

**33.** Do you intend to engage in illegal gambling or any other form of commercialized vice, such as prostitution, bootlegging, or the sale of child pornography, while in the United States? ☐ Yes ☒ No

**34.** Have you EVER exercised immunity (diplomatic or otherwise) to avoid being prosecuted for a criminal offense in the United States? ☐ Yes ☒ No

**35.a.** Have you EVER served as a foreign government official? ☐ Yes ☒ No

**35.b.** If your answer to Item Number 35.a. is "Yes," have you EVER been responsible for, enforced, or directly carried out violations of religious freedoms? ☐ Yes ☒ No

**36.** Have you EVER induced by force, fraud, or coercion (or otherwise been involved in) the trafficking of another person for commercial sex acts (sex trafficking)? ☐ Yes ☒ No

**NOTE:** Sex trafficking involves inducing or causing an adult to engage in a commercial sex act (any sex act performed for anything of value) through fraud, force, or coercion, or inducing or causing any person under 18 years of age to engage in a commercial sex act (even without force, fraud, or coercion). Sex trafficking may include recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing, or soliciting by any means a person to engage in the commercial sex act knowing (or, in the case of advertising, with reckless disregard of the fact) that the person is under 18 years of age or that force, fraud, or coercion was used to induce or cause the person to engage in the commercial sex act. Sex trafficking may also include knowingly benefiting financially or by receiving anything of value, from participation in a venture involving sex trafficking.

**37.** Have you EVER trafficked a person into involuntary servitude, peonage, debt bondage, or slavery? Trafficking includes recruiting, harboring, transporting, providing, or obtaining a person for labor or services through the use of force, fraud, or coercion. ☐ Yes ☒ No

EOIR – 25 of 63

20

Uploaded on: 03/25/2026 at 07:13:37 PM (Eastern Daylight Time)  Base City: NYV

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 9. General Eligibility and Inadmissibility Grounds (continued)

**38.** Have you **EVER** knowingly aided, abetted, assisted, conspired, or colluded with others in trafficking in persons for commercial sex acts or involuntary servitude, peonage, debt bondage, or slavery? ☐ Yes ☒ No

**39.** Are you the spouse, son, or daughter of an alien who engaged in the trafficking in persons and have received or obtained, within the last 5 years, any financial or other benefits from this activity of your spouse or your parent? ☐ Yes ☒ No

**40.** If your answer is "Yes" to Item Number 39., did you know or reasonably should have known that this benefit resulted from this activity of your spouse or parent? ☐ Yes ☒ No

**41.** Have you **EVER** engaged in money laundering or have you **EVER** knowingly aided, assisted, abetted, conspired, or colluded with others in money laundering or do you seek to enter the United States to engage in such activity? ☐ Yes ☒ No

### Security and Related

Do you intend to:

**42.a.** Engage in any activity that violates or evades any law relating to espionage (including spying) or sabotage in the United States? ☐ Yes ☒ No

**42.b.** Engage in any activity in the United States that violates or evades any law prohibiting the export from the United States of goods, technology, or sensitive information? ☐ Yes ☒ No

**42.c.** Engage in any activity whose purpose includes opposing, controlling, or overthrowing the U.S. Government by force, violence, or other unlawful means while in the United States? ☐ Yes ☒ No

**42.d.** Engage in any other unlawful activity? ☐ Yes ☒ No

Have you **EVER:**

**43.a.** Received any weapons training, paramilitary training, or other military-type training? ☐ Yes ☒ No

**43.b.** Committed kidnapping, assassination, or hijacking or sabotage of a conveyance (including an aircraft, vessel, vehicle, or train)? ☐ Yes ☒ No

**43.c.** Used a weapon or explosive or any dangerous device with the intent to endanger the safety of another person or people or cause damage to property? ☐ Yes ☒ No

**43.d.** Threatened, attempted, conspired, prepared, or planned to do any of the things described in **Item Numbers 43.b. - 43.c.?** ☐ Yes ☒ No

**43.e.** Incited, under circumstances indicating an intention to cause death or serious bodily harm/injury, any of the activities described in **Item Numbers 43.b. - 43.c.?** ☐ Yes ☒ No

**43.f.** Participated in, or been a member of, a group or organization that did any of the activities described in **Item Numbers 43.b. - 43.e.?** ☐ Yes ☒ No

**43.g.** Recruited members or asked for money or things of value for a group or organization that did any of the activities described in **Item Numbers 43.b. - 43.e.?** ☐ Yes ☒ No

**43.h.** Provided money, a thing of value, services or labor, or any other assistance or support for any of the activities described in **Item Numbers 43.b. - 43.e.?** ☐ Yes ☒ No

**43.i.** Provided money, a thing of value, services or labor, or any other assistance or support for an individual, group, or organization who did any of the activities described in **Item Numbers 43.b. - 43.e.?** ☐ Yes ☒ No

**44.** Do you intend to engage in any of the activities listed in any part of **Item Numbers 43.b. - 43.e.?** ☐ Yes ☒ No

**45.** Do you intend to engage in any activity that could endanger the welfare, safety, or security of the United States? ☐ Yes ☒ No

**NOTE:** If you answered "Yes" to any part of **Item Numbers 42.a. - 45.,** explain what you did, including the dates and location of the circumstances, or what you intend to do in the space provided in **Part 14. Additional Information.**

Z1

A-Number ► A- 2 1 5 7 7 4 9 6 3

## Part 9. General Eligibility and Inadmissibility Grounds (continued)

46. Are you the spouse or child of an individual who EVER engaged in any of the activities listed in **Item Numbers 43.b. - 43.i.?**    ☐ Yes   ☒ No

   NOTE: If you answered "Yes" to any part of **Item Number 46.,** explain what your parent or spouse did, including the dates and location of the circumstances in **Part 14. Additional Information.**

47. Have you EVER sold, provided, or transported weapons, or assisted any person in selling, providing, or transporting weapons, which you knew or believed would be used against another person?    ☐ Yes   ☒ No

48. Have you EVER worked, volunteered, or otherwise served in any prison, jail, prison camp, detention facility, labor camp, or any other place where people were detained, or have you EVER directed or participated in any other activity that involved detaining people?    ☐ Yes   ☒ No

49. Have you EVER been a member of, assisted, or participated in any group, unit, or organization of any kind in which you or other persons used any type of weapon against any person or threatened to do so?    ☐ Yes   ☒ No

50. Have you EVER served in, been a member of, assisted (helped), or participated in any military or police unit?    ☐ Yes   ☒ No

51. Have you EVER served in, been a member of, assisted (helped), or participated in any armed group (a group that carries weapons), for example: paramilitary unit (a group of people who act like a military group, but are not part of the official military), self-defense unit, vigilante unit, rebel group, or guerrilla group?    ☐ Yes   ☒ No

   If you answered "Yes" to **Item Number 50. or 51.,** include the name of the country, the name of the military unit or armed group, your rank or position, and your dates of involvement in your explanation in **Part 14. Additional Information.**

52. Have you EVER been a member of, or in any way affiliated with, the Communist Party or any totalitarian party (in the United States or abroad)?    ☐ Yes   ☒ No

Have you EVER ordered, incited, called for, committed, assisted, helped with, or otherwise participated in any of the following:

53.a. Torture?    ☐ Yes   ☒ No

53.b. Genocide?    ☐ Yes   ☒ No

53.c. Killing, or trying to kill, any person?    ☐ Yes   ☒ No

53.d. Intentionally and severely injuring or trying to injure any person?    ☐ Yes   ☒ No

54. Have you EVER recruited, enlisted, conscripted, or used any person under 15 years of age to take part in hostilities or to serve in or help an armed force or group, or attempted or worked with others to do so?    ☐ Yes   ☒ No

55. Have you EVER used any person under 15 years of age to take part in hostilities, for instance, participating in combat or providing services related to combat (such as sabotage or serving as a courier) or providing support services (such as transporting supplies), or attempted or worked with others to do so?    ☐ Yes   ☒ No

   NOTE: If you answered "Yes" to any part of **Item Numbers 47. - 55.,** explain what occurred, including the dates and location of the circumstances, in the space provided in **Part 14. Additional Information.**

22

A-Number ▶ A- 2 1 5 7 7 4 9 6 3

## Part 9. General Eligibility and Inadmissibility Grounds (continued)

### Public Charge

Each alien who is subject to the public charge ground of inadmissibility in INA section 212(a)(4) must complete **Item Numbers 57. - 66.** An alien is subject to the public charge ground of inadmissibility if the alien does not fall under one of the categories exempt from the public charge ground of inadmissibility listed below. If you fall under one of the exempt categories listed below, please select the exempt category, and skip **Item Numbers 57. - 66.** If you do not fall under one of the exempt categories listed above, select "I do not fall under any of the exempt categories listed above and will complete **Item Numbers 57. - 66.**"

NOTE: For more information, see **Part 9. General Eligibility and Inadmissibility Grounds,** *Public Charge* section of these Instructions.

56. I am exempt from the public charge ground of inadmissibility because I am a/an (select only **one** box):

☐ VAWA Self-Petitioner (Form I-360)

☒ Special Immigrant Juvenile (Form I-360)

☐ Certain Afghan or Iraqi National (Form I-360 or Form DS-157)

☐ Asylee (Form I-589 or Form I-730)

☐ Refugee (Form I-590 or Form I-730)

☐ Victim of Qualifying Criminal Activity (U Nonimmigrant) under INA section 245(m) (Form I-918, Form I-918A, or Form I-929)

☐ Any category other than INA section 245(m), but you are in valid U nonimmigrant status at the time you file your application for adjustment of status. (This exemption only applies if, at the time of the adjudication of Form I-485, you are still in valid U nonimmigrant status. If, at the time of adjudication of Form I-485, you are no longer in valid U nonimmigrant status, you will be subject to the public charge ground of inadmissibility.)

☐ Human Trafficking Victim (T nonimmigrant) under INA section 245(l) (Form I-914 or Form I-914A)

☐ Any category other than INA section 245(l), but you either have a pending application for T nonimmigrant status (Form I-914) that sets forth a prima facie case for eligibility or are in valid T nonimmigrant status at the time you file your application for adjustment of status. (This exemption only applies if your Form I-914 is still pending and deemed to be prima facie eligible or you are in valid T nonimmigrant status when we adjudicate your adjustment of status application.)

☐ Cuban Adjustment Act

☐ Cuban Adjustment Act for Battered Spouses and Children

☐ Dependent Status under the Haitian Refugee Immigrant Fairness Act

☐ Dependent Status under the Haitian Refugee Immigrant Fairness Act for Battered Spouses and Children

☐ Cuban and Haitian Entrants Applying for Adjustment of Status under section 202 of the Immigration Reform and Control Act of 1986

☐ A Lautenberg Parolee

☐ National of Vietnam, Cambodia, or Laos Applying under the Foreign Operations, Export Financing, and Related Programs

☐ Continuous Residence in the United States Since Before January 1, 1972 ("Registry")

☐ Amerasian Homecoming Act

☐ Polish or Hungarian Parolee

☐ Nicaraguans and Other Central Americans under section 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA)

☐ American Indian Born in Canada (INA section 289) or the Texas Band of Kickapoo Indians of the Kickapoo Tribe of Oklahoma, Public Law 97-429 (Jan. 8, 1983)

☐ Section 7611 of the National Defense Authorization Act for Fiscal Year 2020 (Liberian Refugee Immigration Fairness)

EOIR – 28 of 63

23

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 9. General Eligibility and Inadmissibility Grounds (continued)

☐ Syrian National Adjusting Status under Public Law 106-378

☐ Spouse, Child, or Parent of a U.S. Active-Duty Service Member in the Armed Forces under the National Defense Authorization Act (NDAA) (Form I-130 or Form I-360)

☐ I do not fall under any of the exempt categories listed above and will complete Item Numbers 57. - 66.

If you selected "I do not fall under any of the exempt categories listed above and will complete Item Numbers 57. - 66." in Item Number 56., complete Item Numbers 57. - 66. below. If you selected an exempt category in Item Number 56., go to Item Number 67. If you need extra space to complete this section, use the space provided in Part 14. Additional Information.

57. What is the size of your household? [                    ]

58. Indicate your annual household income.

☐ $0-27,000  ☐ $27,001-52,000  ☐ $52,001-85,000  ☐ $85,001-141,000  ☐ Over $141,000

59. Identify the total value of your household assets.

☐ $0-18,400  ☐ $18,401-136,000  ☐ $136,001-321,400  ☐ $321,401-707,100  ☐ Over $707,100

60. Identify the total value of your household liabilities (including both secured and unsecured liabilities).

☐ $0  ☐ $1-10,100  ☐ $10,101-57,700  ☐ $57,701-186,800  ☐ Over $186,800

61. What is the highest degree or grade of school you have completed?

☐ Less than a high school diploma. If you select this option, indicate the highest grade of school you have completed.

[                                                                                              ]

☐ High school diploma, GED, or alternative credential  ☐ 1 or more years of college credit, no degree

☐ Associate's degree  ☐ Bachelor's degree  ☐ Master's degree  ☐ Professional degree (JD, MD, DMD, etc.)

☐ Doctorate degree

62. List your certifications, licenses, skills obtained through work experience, and educational certificates.

| List of Certifications |
|---|
|  |
|  |
|  |
|  |
|  |
|  |
|  |

63. Have you ever received Supplemental Security Income (SSI), Temporary Assistance for Needy Families (TANF), or state, Tribal, territorial, or local cash benefit programs for income maintenance (often called "General Assistance" in the state context but which also exist under other names)?   ☐ Yes  ☒ No

64. Have you ever received long-term institutionalization at government expense?   ☐ Yes  ☒ No

24

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 9. General Eligibility and Inadmissibility Grounds (continued)

65. If your answer to **Item Number 63.** is "Yes," list the specific benefit(s) you received, the start and end dates of each period of receipt, the dollar amount of benefits received, and whether you received the benefits while you were in an immigration category exempt from the public charge ground of inadmissibility.

| Benefit Received | Start Date | End Date | Dollar Amount | In a Category Exempt from Public Charge |
|---|---|---|---|---|
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |

66. If your answer to **Item Number 64.** is "Yes," list the name, city, and state for each institution, the start and end dates of each period of institutionalization, the reason you were institutionalized, and whether you were institutionalized while you were in an immigration category exempt from the public charge ground of inadmissibility.

| Institution Name/City/State | Date From | Date To | Reason | In a Category Exempt from Public Charge |
|---|---|---|---|---|
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |
| | | | | ☐ Yes ☐ No |

### Illegal Entries and Other Immigration Violations

67. Have you **EVER** failed or refused to attend or to remain in attendance at any removal proceeding filed against you on or after April 1, 1997? ☐ Yes ☒ No

    **NOTE:** If your answer to **Item Number 67.** is "Yes," attach a written statement explaining why you failed or refused to attend or remain in attendance at the removal proceeding, including any explanation of a reasonable cause for that failure or refusal.

68. Have you **EVER** submitted altered, fraudulent, or counterfeit documentation to any U.S. Government official to obtain or attempt to obtain any immigration benefit, including a visa or entry into the United States? ☐ Yes ☒ No

69. Have you **EVER** lied about, concealed, or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to the United States, or any other kind of immigration benefit? ☐ Yes ☒ No

70. Have you **EVER** falsely claimed to be a U.S. citizen (in writing or any other way)? ☐ Yes ☒ No

71. Have you **EVER** been a stowaway on a vessel or aircraft arriving in the United States? ☐ Yes ☒ No

72. Have you **EVER** knowingly encouraged, induced, assisted, abetted, or aided any alien to enter or to try to enter the United States illegally (alien smuggling)? ☐ Yes ☒ No

73. Are you under a final order of civil penalty for violating INA section 274C for use of fraudulent documents? ☐ Yes ☒ No

### Removal, Unlawful Presence, or Illegal Reentry After Previous Immigration Violations

74. Have you **EVER** been excluded, deported, or removed from the United States or have you ever departed the United States on your own after having been ordered excluded, deported, or removed from the United States? ☐ Yes ☒ No

75. Have you **EVER** entered the United States without being inspected and admitted or paroled? ☒ Yes ☐ No

EOIR – 30 of 63

## Part 9. General Eligibility and Inadmissibility Grounds (continued)

76. Since April 1, 1997, have you been unlawfully present in the United States? You were unlawfully present ☐ Yes ☒ No
in the United States if you were present in the United States after the expiration of the period of stay
authorized by the Department of Homeland Security (DHS) Secretary or were present in the United States
without being admitted or paroled.

**NOTE:** If you answered "Yes" to **Item Number 76.**, give the dates of unlawful presence in the space provided in **Part 14. Additional Information.**

77. If you answered "Yes" to **Item Number 76.**, was a severe form of trafficking in persons at least one ☐ Yes ☒ No
central reason for your unlawful presence in the United States?

**NOTE:** Severe trafficking in persons involves sex trafficking (the recruitment, harboring, transportation, provision, or obtaining
of a person to commit a commercial sex act) induced by force, fraud, coercion, or in which the person is induced to perform
such act has not reached 18 years of age, or the recruitment, harboring, transportation, provision, or obtaining of a person for
labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage,
debt bondage, or slavery.

Since April 1, 1997, have you **EVER** reentered or attempted to reenter the United States without being inspected and admitted or
paroled after:

78.a. Having been unlawfully present in the United States for more than one year in the aggregate on or after ☐ Yes ☒ No
April 1, 1997? You were unlawfully present in the United States for more than one year in the aggregate
if you count all of the days during all of your stays that you were present in the United States after the
expiration of the period of stay authorized by the DHS Secretary or were present in the United States
without being admitted or paroled.

78.b. Having been deported, excluded, or removed from the United States? ☐ Yes ☒ No

### *Miscellaneous Conduct*

79. Do you plan to practice polygamy in the United States? ☐ Yes ☒ No

80. Are you accompanying an alien who is inadmissible and who has been certified by a medical officer as ☐ Yes ☒ No
helpless from sickness, mental or physical disability, or infancy, and who requires your protection or
guardianship, as described in INA section 232(c)?

81. Have you **EVER** assisted in detaining, retaining, or withholding custody of a U.S. citizen child outside ☐ Yes ☒ No
the United States from a person who has been granted custody of the child?

82. Have you **EVER** voted in violation of any Federal, state, or local constitutional provision, statute, ☐ Yes ☒ No
ordinance, or regulation in the United States?

83. Have you **EVER** renounced U.S. citizenship to avoid being taxed by the United States? ☐ Yes ☒ No

Have you **EVER:**

84.a. Applied for exemption or discharge from training or service in the U.S. armed forces or in the U.S. ☐ Yes ☒ No
National Security Training Corps on the ground that you are an alien?

84.b. Been relieved or discharged from such training or service on the ground that you are an alien? ☐ Yes ☒ No

84.c. Been convicted of desertion from the U.S. armed forces? ☐ Yes ☒ No

85. Have you **EVER** left or remained outside the United States to avoid or evade training or service in the ☐ Yes ☒ No
U.S. armed forces in time of war or a period declared by the President to be a national emergency?

86. If you answered "Yes" to **Item Number 85.**, what was your nationality or immigration status immediately before you left (for
example, U.S. citizen or national, lawful permanent resident, nonimmigrant, parolee, present without admission or parole, or any
other status)?

26

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 10. Applicant's Contact Information, Certification, and Signature

### Applicant's Contact Information

Provide your daytime telephone number, mobile telephone number (if any), and email address (if any).

1. Applicant's Daytime Telephone Number

631-889-6466 (Father)

2. Applicant's Mobile Telephone Number (if any)

631-452-7854

3. Applicant's Email Address (if any)

### Applicant's Certification and Signature

I certify, under penalty of perjury, that I provided or authorized all of the responses and information contained in and submitted with my application, I read and understand or, if interpreted to me in a language in which I am fluent by the interpreter listed in **Part 11.**, understood, all of the responses and information contained in, and submitted with, my application, and that all of the responses and the information are complete, true, and correct. Furthermore, I authorize the release of any information from any and all of my records that USCIS may need to determine my eligibility for an immigration request and to other entities and persons where necessary for the administration and enforcement of U.S. immigration law.

4. Applicant's Signature

➡ W ES

Date of Signature (mm/dd/yyyy)

03 23 2026

## Part 11. Interpreter's Contact Information, Certification, and Signature

### Interpreter's Full Name

1. Interpreter's Family Name (Last Name)

Ramos

Interpreter's Given Name (First Name)

Geysel

2. Interpreter's Business or Organization Name

Law Office of David M Sperling

### Interpreter's Contact Information

3. Interpreter's Daytime Telephone Number

631-232-9555

4. Interpreter's Mobile Telephone Number (if any)

631-232-9555

5. Interpreter's Email Address (if any)

gramos@davidsperlinglaw.com

### Interpreter's Certification and Signature

I certify, under penalty of perjury, that I am fluent in English and Spanish ,
and I have interpreted every question on the application and Instructions and interpreted the applicant's answers to the questions in that language, and the applicant informed me that he or she understood every instruction, question, and answer on the application.

6. Interpreter's Signature

Date of Signature (mm/dd/yyyy)

03 23 2026

27

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 12. Contact Information, Certification, and Signature of the Person Preparing this Application, if Other Than the Applicant

### Preparer's Full Name

1.  Preparer's Family Name (Last Name)

    Sperling

    Preparer's Given Name (First Name)

    David M

2.  Preparer's Business or Organization Name

    Law Offices of David M. Sperling

### Preparer's Contact Information

3.  Preparer's Daytime Telephone Number

    631-232-9555

4.  Preparer's Mobile Telephone Number (if any)

    631-232-9555

5.  Preparer's Email Address (if any)

    lawyer@davidsperlinglaw.com

### Preparer's Certification and Signature

I certify, under penalty of perjury, that I prepared this application for the applicant at his or her request and with express consent and that all of the responses and information contained in and submitted with the application are complete, true, and correct and reflects only information provided by the applicant. The applicant reviewed the responses and information and informed me that he or she understands the responses and information in or submitted with the application.

6.  Preparer's Signature

    Date of Signature (mm/dd/yyyy)

    03/23/2026

**NOTE: Do not complete Part 13. until the USCIS Officer instructs you to do so at the interview.**

## Part 13. Signature at Interview

I swear (affirm) and certify under penalty of perjury under the laws of the United States of America that I know that the contents of this Form I-485, Application to Register Permanent Residence or Adjust Status, subscribed by me, including the

changes made to this application, numbered [        ] through [        ] , are complete, true, and correct. All

information on additional pages submitted by me with this Form I-485, on numbered pages [        ] through [        ]

are complete, true, and correct. All documents submitted at this interview were provided by me and are complete, true, and correct.

Subscribed to and sworn to (affirmed) before me

USCIS Officer's Printed Name or Stamp

Date of Signature (mm/dd/yyyy)

Applicant's Signature (sign in ink)

USCIS Officer's Signature (sign in ink)

28

A-Number ▶ A- | 2 | 1 | 5 | 7 | 7 | 4 | 9 | 6 | 3 |

## Part 14. Additional Information

If you need extra space to provide any additional information within this application, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this application or attach a separate sheet of paper. Type or print your name and A-Number (if any) at the top of each sheet; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

**1.**

| Family Name (Last Name) | Given Name (First Name) | Middle Name (if applicable) |
|---|---|---|
| SANCHEZ-ALFARO | William | E. |

**2.** Page Number   Part Number   Item Number

**3.** Page Number   Part Number   Item Number

**4.** Page Number   Part Number   Item Number

**5.** Page Number   Part Number   Item Number

29

D



# THE UNITED STATES OF AMERICA

## I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY
U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type |
|---|---|---|
| MSC2191582354 | | I360 – PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
| **Received Date** 07/12/2021 | **Priority Date** 07/12/2021 | **Petitioner** SANCHEZ ALFARO, WILLIAM ENRIQUE |
| **Notice Date** 04/22/2022 | **Page** 1 of 1 | **Beneficiary** A215 774 963 SANCHEZ ALFARO, WILLIAM ENRIQUE |

LAW OFFICES OF DAVID M SPERLIN
c/o MICHAEL D NAPPO
81 CARLETON AVE
CENTRAL ISLIP NY 11722

Notice Type: Approval Notice
Class: SL6
Section: Special Immigrant-Juvenile

The above petition has been approved.

The petition indicates that the person the petition is for is in the United States and will apply for adjustment of status. He or she should contact the local USGIS office to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

Please read the back of this form carefully for more information.
**THIS FORM IS NOT A VISA AND MAY NOT BE USED IN PLACE OF A VISA.**

**NOTICE:** Although this application or petition has been approved, USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 648003
Lee's Summit MO 64002

USCIS Contact Center: www.uscis.gov/contactcenter



FORM I-797 [REV. 08/01/16]

30



EOIR – 37 of 63

 

Uploaded on: 03/25/2026 at 07:13:37 PM (Eastern Daylight Time) Base City: NYV

**Third:** Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second preferences, of which not more than 10,000 may be provided to "*Other Workers".

**Fourth:** Certain Special Immigrants: 7.1% of the worldwide level.

**Fifth:** Employment Creation: 7.1% of the worldwide level, of which 32% are reserved as follows: 20% reserved for qualified immigrants who invest in a rural area; 10% reserved for qualified immigrants who invest in a high unemployment area; and 2% reserved for qualified immigrants who invest in infrastructure projects. The remaining 68% are unreserved and are allotted for all other qualified immigrants.

A. Final Action Dates for Employment-Based Preference Cases

On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are authorized for issuance to all qualified applicants; and "U" means unauthorized, i.e., numbers are not authorized for issuance. (NOTE: Numbers are authorized for issuance only for applicants whose priority date is **earlier** than the final action date listed below.)

| Employment-Based | All Chargeability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|---|
| 1st | C | 01MAR23 | 01MAR23 | C | C |
| 2nd | 15OCT24 | 01SEP21 | 15SEP13 | 15OCT24 | 15OCT24 |
| 3rd | 01OCT23 | 01MAY21 | 15NOV13 | 01OCT23 | 01AUG23 |
| Other Workers | 01NOV21 | 08DEC18 | 15NOV13 | 01NOV21 | 01NOV21 |
| 4th | 15JUL21 | 15JUL21 | 15JUL21 | 15JUL21 | 15JUL21 |
| Certain Religious Workers | 15JUL21 | 15JUL21 | 15JUL21 | 15JUL21 | 15JUL21 |
| 5th Unreserved (including C5, T5, I5, R5, NU, RU) | C | 15AUG16 | 01MAY22 | C | C |
| 5th Set Aside: Rural (20%) (including NR, RR) | C | C | C | C | C |
| 5th Set Aside: High Unemployment (10%) (including NH, RH) | C | C | C | C | C |

31



EOIR – 39 of 63

# AC TRANSLATION SERVICES

45 W SUFFOLK AVE
CENTRAL ISLIP NY 11722
TEL: 631-761-9393 EFAX 516-504-3411
AGUSTINTAXW2@GMAIL.COM

## CERTIFICATION OF TRANSLATION

I, _Olga E Flores_ , hereby certify that I reviewed the attached documents. I further certify that the English translation of the Spanish document appears, to the best of my abilities, to be true and accurate. I further certify that I am competent in both English and Spanish to render and certify such translation.

_Olga E Flores_
Translator Signature

State of New York )
                 ) ss.:
County Of Suffolk )

On the _14_ day of _JUNE_ in the year _2022_ before me, the undersigned, personally appeared _OLGA E FLORES_ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

NOTARY PUBLIC

AGUSTIN CASTILLO
Notary Public - State of New York
No. 01CA6181692
Qualified in New York County
My Comm. Expires Feb. 11, 2024

My commission expires _FEBRUARY 11_ , 20_24_.

32

SERIES "A"
No. 785793

CERTIFICATE NUMBER 2379, WILLIAM ENRIQUE, a male, was born at 7:15 pm on September 24, 2000 (9/24/2000) in the National Hospital of San Pedro in this city, being the son of RUPERTO SANCHEZ BERMUDEZ and MARIA DE LOS ANGELES ALFARO GAITAN, the first one native of CONCEPCION BATRES LABORED, 18 YEARS OLD, resident of CONCEPCION BATRES and SALVADORAN nationality, the second one native of CONCEPCION BATRES, HOUSEWIFE, 16 YEARS OLD, resident of CONCEPCION BATRES and SALVADORAN nationality gave this information RUPERTO SANCHEZ BERMUDEZ, FATHER, of the newborn, presented his IDENTITY CARD NUMBER 51315279, issued by the Municipal authorities of Concepcion Batres and sign together with the Undersigned Family Status Registry Usulutan, October 12, 2000. Amended, Concepcion Valid.

|  |  |
|---|---|
| (illegible signature) | (illegible signature) |
| FAMILY STATUS REGISTRY | INFORMANT |
| RICARDO ALFONSO SARAVIA | Ruperto Sanchez Bermudez |

TOWN HALL OF
USULUTAN
FAMILY STATUS
REGISTRY
EL SALVADOR C. A.

The Undersigned Family Status Registrar of this city CERTIFIES. That this copy is by its original filed on the Book 1 of Births Page 5930 the year 2000. D.L. No. 1872 of June 24, 1955. D.O. 119 Volume 167 of June same year.

JUN 4, 2018

Jose Salomon Monjaras Rodriguez
Family Registrar

TOWN HALL OF USULUTAN
FAMILY STATUS REGISTRY
EL SALVADOR C. A.



AGUSTIN CASTILLO
Notary Public - State of New York
No. 01CA6181692
Qualified in New York County
My Comm. Expires Feb. 11, 2024

33

SERIE

Nº 785793

PARTIDA NUMERO dos mil trescientos sesenta y nueve; WILLIAM ENRIQUE, varón; nació a las diecinueve horas quince minutos, del día veinticuatro de septiembre de dos mil, en el Hospital Nacional San Pedro de esta ciudad, siendo hij o de RUPERTO SANCHEZ BERMUDEZ, el primero originario de Concepción Batres y de MARIA DE LOS ANGELES ALFARO GAITAN, la segunda originaria de Concepción Batres, de oficio jornalero, de dieciocho años de edad, del domicilio de Concepción Batres, nacionalidad salvadoreña, edomésticos, de dieciseis años de edad, del domicilio de Concepción Batres, nacionalidad salvadoreña, recién nacid o exhibió su Cédula de Identidad Personal Número cinco- trece- de l quince mil doscientos setenta y nueve, dió estos datos RUPERTO SANCHEZ BERMUDEZ, padre, y municipal de Concepción Batres, y firma, expedida por la Autoridad

Infrascrito Encargado Registro Estado Familiar-Usulután doce de octubre del dos mil Enmendado, Concepción Vale, juntamente con el

REGISTRADOR ESTADO FAMILIAR
RICARDO ALFONSO CHUNGA

INFORMANTE
Ruperto Sánchez Bermúdez

El Infrascrito Registrador de Familia de esta ciudad CERTIFICA, Que la presente fotocopia es conforme con su original la cual se encuentra asentada en el tomo: de Nacimiento

Folio 573 Año 2000

D.L No. 1872 del 24 de junio de 1955
D.O. 119 Tomo 167 de junio del mismo año.

04 JUN. 2018

Lic. José Salomón Monjaras Rodríguez
Registrador de Familia

ALCALDIA MUNICIPAL DE USULUTAN
REGISTRO DEL ESTADO FAMILIAR
EL SALVADOR, C.A.

Expedición

34

**REPÚBLICA DE EL SALVADOR**

Pasaporte/Passport

Tipo/Type:
**P**

Código País/Country code:
**SLV**

Pasaporte No/Passport No:
**B06127316**

Nombres/Given Names:
**WILLIAM ENRIQUE**

Apellidos/Surname:
**SANCHEZ ALFARO**

Nacionalidad/Nationality:
**Salvadoreña**

Fecha de Nacimiento/Date of Birth:
**24 Sept / Sep 2000**

Sexo/Sex:
**M**

Lugar de nacimiento/Place of birth:
**USULUTAN**

**EL SALVADOR(SLV)**

Fecha expedición/Date of issue:
**6 Mar / Mar 2026**

Número de Libreta/Booklet Number:
**D6930281**

Fecha de expiración/Date of expiry:
**6 Mar / Mar 2032**

Autoridad emisora/Issuing authority:
**(RREE) Plainview, NY, USA**

```
P<SLVSANCHEZ<ALFARO<<WILLIAM<ENRIQUE<<<<<<<<
B061273163SLV0009243M3203064D6930281<<<<<<02
```

35



EOIR — 44 of 63

Uploaded on: 03/25/2026 at 07:13:37 PM (Eastern Daylight Time)  Base City: NYV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

WILLIAM ENRIQUE SANCHEZ
ALFARO,

                              Petitioner,

            v.

MARKWAYNE MULLIN, Secretary,
U.S. Dept. of Homeland Security,
JUDITH ALMODOVAR, Field Office
Director of Enforcement and Removal
Operations, New York City Field Office,
Immigration and Customs Enforcement,
HON. PAMELA BONDI, U.S. Attorney
General, Executive Office for
Immigration Review, RAUL
MALDONADO, JR., Warden of
Metropolitan Detention Center Brooklyn,

                              Respondents,

-------------------------------------------------------x

**FILED**
**CLERK**

3/16/2026 5:11 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

MEMORANDUM
& ORDER
Civil Action No.
26-0766 (GRB)

GARY R. BROWN, United States District Judge:

> *The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in fishing expeditions to justify the arrests. That would turn the Constitution on its head and is precisely why the Fifth Amendment exists. No one is to be deprived of life, liberty or property without due process, lest the innocent suffer.[1]*

As in another case pending before the undersigned,[2] Petitioner had

qualified for Special Immigrant Juvenile Status ("SIJS"), a classification awarded

---

[1]    *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019).

[2]    *Garcia Lanza v. Noem*, No. 26-0029 (GRB), ___ F. Supp. 3d ___, 2026 WL 585130, at *1 (E.D.N.Y. Mar. 3, 2026).  Familiarity with the *Garcia Lanza* opinion is assumed, and that opinion is incorporated herein by reference.

EOIR – 45 of 63

to minors who, according to U.S. Citizenship and Immigration Service ("USCIS"), "need the protection of a juvenile court because [they] have been abused, abandoned, or neglected by a parent."[3] Petitioner received a grant of deferred action and work authorization which remained in effect, meaning he had the right to live and work in the United States pending further processes. Nevertheless, as part of U.S. Immigration and Customs Enforcement's ("ICE") recent surge in enforcement efforts, in violation of statutes, regulations and the Constitution, ICE officers arrested, detained and imprisoned Petitioner without a warrant. An evidentiary hearing revealed illegal arrest and detention tactics adopted by ICE and an egregious lack of training provided to its officers, who seemed entirely unfamiliar with legal requirements associated with arrest and detention and oblivious to the illegality of these practices.

**Background**

Born in El Salvador, Petitioner William Enrique Sanchez Alfaro, now 25, has been in the United States since his arrival as an unaccompanied minor in 2018. Since then, he helped his family operate a welding business, earning a suitable income and dutifully paying taxes. Docket Entry ("DE") 8-1. He has no criminal record. Petitioner has provided the Court with hundreds of pages of material attesting to his character and remarkable community support. In sworn statements, acquaintances describe him as "a model citizen . . . law-abiding, hardworking, compassionate, and committed to making

---

3    https://www.uscis.gov/working-in-US/eb4/SIJ [https://perma.cc/D3YX-GTTA].

meaningful contributions to society," "of exceptional moral character," and "kind, dependable, and trustworthy." *Id.* at 5, 8, 11.[4]

In 2022, USCIS approved Petitioner's Petition for Amerasian, Widow(er), or Special Immigrant Form I-360 ("I-360"), rendering him the beneficiary of SIJS. On May 27, 2022, he was granted deferred action, meaning that immigration officials committed to take no action against him until at least April 2026, and authorized him to work in the U.S. in the interim. DE 1 ¶7, Ex. C.[5] He was issued a U.S. Work Authorization Card valid through May 9, 2026. DE 1-8.

On February 6, 2026, an ICE officer was surveilling a residence in Suffolk County, having parked in an unmarked vehicle across the street. Transcript of Proceedings February 25, 2026 ("Tr.") at 4-5. He had been assigned to locate and apprehend an alien who had been ordered removed by an immigration court. Tr. 4. The officer was armed with a photograph of the individual sought and had a good view of the scene aided by binoculars. Tr. 6, 12. Unbeknownst to the officer, the home was that of Petitioner who, along with his father, was preparing to leave for work.

---

[4] As in *Garcia Lanza*, these bona fides have some bearing on the Court's determinations, including the rationale underlying Petitioner's release on bail. Simultaneously, these undisputed facts demonstrate that Petitioner's arrest runs counter to the purposes behind heightened immigration enforcement, purportedly aimed at criminals and other dangerous individuals.

[5] *See, e.g. Garcia Lanza*, 2026 WL 585130 at *5; USCIS Policy Manual, Vol. 1, Part H, Ch. 2(A)(4), https://www.uscis.gov/policymanual/ volume-1-part-h-chapter-2. [https://perma.cc/EFW3-J5FH] ("[a]liens granted deferred action are considered to be in a period of stay authorized under USCIS policy for the period deferred action is in effect.").

EOIR – 47 of 63

38

4

Petitioner and his father stood outside of their home, waiting for a lift from a coworker.

Upon observing Petitioner, the officer believed that he "did strongly resemble the target

of the enforcement effort." Tr. 5-6. [6]

Meanwhile, the surveilling officer had been identified by a group of protesters,

who recognized his vehicle. Tr. 7. One protester "started screaming 'ICE is here!'" Tr.

---

[6]  As in *Garcia Lanza*, the officer testified under oath that he had mistaken Petitioner for
another unidentified, undescribed individual for whom the officers were allegedly
searching.  Having heard the testimony, observed his demeanor and considered all
of the facts, the Court credits the testimony of the officer in this instance.  This
rationale has become so commonplace in cases involving ICE enforcement efforts
that such testimony must be examined carefully. *See, e.g., Garcia Lanza v.* Noem, 2026
WL 585130, at *1 ("ICE officers targeted Garcia Lanza for arrest simply because he
looked like someone else for whom the agents were purportedly searching");
*Guardado v. Maldonado*, No. 26-CV-1170 (OEM), 2026 WL 670156, at *2 (E.D.N.Y. Mar.
10, 2026) (petitioner "matched the description of their primary target"); *Acuapan v.
Bondi*, No. 26-CV-00384 (OEM), 2026 WL 507889, at *1 (E.D.N.Y. Feb. 24, 2026)
("Petitioner, an individual matching the target's description"); *Castellon v. Doe*, No.
2:26-CV-647 (NJC), 2026 WL 326947, at *4 (E.D.N.Y. Feb. 7, 2026) (officer "fails to
provide the description of the target that agents were looking for"); *Sanchez Atz v.
Noem*, No. 26-CV-00214 (OEM), 2026 WL 320238, at *1 (E.D.N.Y. Feb. 6, 2026) ("they
observed a male subject matching the physical description of the third-party target")
*Ndoye v. Joyce*, No. 25-CV-8856 (VSB), 2026 WL 306387, at *8 (S.D.N.Y. Feb. 5, 2026)
(unclear "whether he was the target in question"); *R.P.L. v. Maldonado*, No. 25-CV-
6886 (HG), 2025 WL 3731864, at *1 (E.D.N.Y. Dec. 26, 2025) ("a records check
confirmed that Petitioner was not their original target"); *Mejia v. Joyce*, No. 25-CV-
10462 (LAK), 2025 WL 3719632, at *1 (S.D.N.Y. Dec. 23, 2025) ("Mistakenly believing
that Mr. Mejia was their intended target . . ."). If such testimony in other matters is
determined to be tailored or fabricated, severe consequences will follow. Here,
though, there was corroborating evidence that the officer's efforts were not
pretextual: one of the men detained recognized the individual in the photograph,
advising the officers that he recently moved from the residence now occupied by the
Petitioner. Tr. 12.

EOIR – 48 of 63

39

7.[7] The officer observed Petitioner get into a Ford Expedition driven by his coworker and depart for work. Tr. 6. To distract the protesters, the surveilling officer drove off. Tr. 8. He radioed in a description of the car in which Petitioner was travelling, asking that another unit follow the car and make a vehicle stop. Tr. 7-8.

A second officer encountered the Ford Expedition, called for backup, followed for a time, and then made a vehicle stop. Tr. 27. When asked for identification, all three men produced valid Work Authorization cards issued by USCIS. Tr. 41. The officers quickly realized that neither Petitioner nor the two individuals with him were the target they were seeking. Tr. 12-13 (officer confirmed through interview of subjects); Tr. 15 (records check confirmed that Petitioner not the individual sought); Tr. 33 (review of IDs showed Petitioner was not target). Meanwhile, their records check indisputably revealed that Petitioner had SIJS, a grant of deferred action, and work authorization. Tr. 17-20.

One might expect that, having recognized that they had the wrong person, and that Petitioner and those accompanying him had valid work authorizations issued by USCIS, the officers would have released them. *See, e.g., Noem v. Vasquez Perdomo*, 146 S. Ct. 1, 3 (2025) (Kavanaugh, J., concurring) ("If the person is . . . lawfully in the United States, that individual will be free to go after the brief encounter. Only if the person is

---

[7] Notably, the protester's announcement of ICE's presence had no effect on Petitioner, his father or his coworker. They did not run or attempt to flee the scene (which was Petitioner's home), but calmly went about their business, and were cooperative with the officers during the ensuing stop. Tr. 5-7, 9 ("everyone was being cooperative . . . it was a calm setting"). Since all three carried valid Work Authorization Cards issued by the Government, they seemingly had no reason to fear arrest or detention.

40

illegally in the United States may the stop lead to further immigration proceedings"); *cf.*

*Trump v. Illinois*, 146 S. Ct. 432, 436 (2025) (Kavanaugh, J., concurring) (further limiting

circumstances under which "interior immigration stops" might be appropriate).

Nevertheless, the officers arrested Petitioner, taking him, and the two individuals with

him, into custody. Tr. 18.

The ICE officers' testimony revealed a woeful lack of training and understanding

of legal principles. One officer, with the agency for 14 years, testified that he *was* aware

that Petitioner had a grant of deferred action, yet decided to detain him nonetheless,

confidently (though erroneously) declaring that "deferred action does not affect

removal proceedings." Tr. 22. He also knew that no removal proceedings were

pending against Petitioner, yet he believed that Petitioner was properly taken into

custody because such proceedings *might* be instituted. Tr. 21-22. Another officer with

18 years' experience stated "if you have SIJ status it doesn't make you not removable"

and, based on that assessment, believed that Petitioner was subject to arrest. Tr. 31. At

the same time, he acknowledged being unfamiliar with import of SIJS. Tr. 45.

The third officer – with nearly 20 years' experience as an immigration officer –

testified that individuals with SIJS and deferred action were "all amenable to removal

proceedings ... they can be taken into ICE custody and placed into removal

proceedings." Tr. 36. The same was true, he testified, of cooperating crime victims

4/1

possessing a U Visa. Tr. 39.[8] Such a visa was held by Petitioner's coworker, who was also arrested and detained and, at the time of the February 25, 2026 hearing, remained imprisoned. *Id.* The officer testified that field ICE officers can make the determination that these individuals "*might* be placed into removal proceedings," and therefore "us, as officers, take them into custody and place them into removal proceedings, and then, a supervisor, you know, signs the documents you know, putting them with the notice to appear and going through the whole removal proceedings." Tr. 37.

Collectively, the officers' testimony illustrates that arrest and detention practices deployed by ICE constitute a perversion of customary law enforcement practices in America. Under our Constitution, law enforcement officers may only effect an arrest when armed with a warrant or confronted with probable cause to make that arrest. Here, ICE officers presume that they will effect an arrest *unless* they can discover cause *not* to do so by performing a records check. Tr. 17 ("We are going to see if ... there is any reason not to take him into custody and what detention authority . . .. it would fall

---

[8]    According to the USCIS website, U Visas are available "for victims of certain crimes who have suffered mental or physical abuse and are helpful to law enforcement or government officials in the investigation or prosecution of criminal activity. . . . The legislation was intended to strengthen the ability of law enforcement agencies to investigate and prosecute cases of domestic violence, sexual assault, trafficking of aliens and other crimes, while also protecting victims of crimes who have suffered substantial mental or physical abuse due to the crime and are willing to help law enforcement authorities in the investigation or prosecution of the criminal activity. The legislation also helps law enforcement agencies to better serve victims of crimes." https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status [https://perma.cc/2KK6-K9D6]. At the hearing, the officer, though claiming he was familiar with the purpose of a U visa, was unable to articulate it. Tr. 39-40.

EOIR – 51 of 63

42

under"); Tr. 38 ("it's usually like, no, they are good to pick up. There is nothing prohibiting us from placing them into, you know, custody"); Tr. 42 ("there was nothing precluding us from detaining any of the subjects and putting them into removal proceedings"); cf. Tr. 13 ("So essentially I was standing there waiting to see, you know, how the checks came back, if he was subject to detention and removal."). Disturbingly, one officer testified that such treatment would equally apply to citizens, who would be arrested unless able to prove their citizenship by always carrying proof of citizenship, having a passport appear on a records check or convincing the officer that they were U.S. citizens. Tr. 47-48.

After Petitioner's arrest, Respondents initiated removal proceedings against Petitioner by issuing a Notice to Appear. The only charge in the Notice to Appear arises from "being in the United States without being admitted or paroled," and further states that "You are an alien present in the United States who has not been admitted or paroled." DE 1-9. Then, by letter dated February 6, 2026, USCIS advised Petitioner that, as in Garcia Lanza, it had terminated his period of deferred action and planned to revoke his employment authorization. DE 13-1. As neither the letter nor Respondents' filings offer any explanation for this act other than it being an exercise of discretion, and there was no documented change in circumstances, the Court finds that the revocation was impermissibly motivated by ICE's illegal arrest of Petitioner. See Garcia Lanza, 2026 WL 585130 at *6-9.

ICE detained Petitioner at the Metropolitan Detention Center in Brooklyn, a facility so notoriously plagued with issues arising from overcrowding and

43

underfunding that judges in this Circuit have reduced or modified sentences for convicted criminals based on the conditions of confinement there.[9] Yet Petitioner, who has neither been charged nor convicted of any wrongdoing, and was legally living and working in the United States, was imprisoned there and, but for judicial intervention, would still be there or in another detention facility.

Petitioner's attorney filed the instant habeas petition on February 10, 2026. Following an emergency bail hearing on February 12, the Court ordered his immediate release on his own recognizance. On February 25, 2026, the Court held a hearing pursuant to 28 U.S.C. § 2243 to fully develop the factual record.

This opinion follows.

DISCUSSION

A. The Arrest and Detention of Petitioner was Illegal

Having reviewed multiple decisions from this Court, Respondents' counsel has conceded that "Respondents cannot prevail in this action." DE 13 at 2 (citing *Garcia Lanza*, 2026 WL 585130; *Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL

---

[9]    *United States v. Colucci*, 743 F. Supp. 3d 452, 453 (E.D.N.Y. 2024) (waiving incarceratory sentence if defendant designated to MDC due to its "dangerous, barbaric conditions"); *United States v. Chavez*, 710 F.Supp.3d 227, 234 (S.D.N.Y. Jan. 4, 2024) (allowing convicted narcotics defendant subject to a multi-year sentence remain at liberty pending surrender, based largely on the conditions at MDC); *United States v. Griffin*, No. 22-CR-408 (EK), 2024 WL 2891686, at *3 (E.D.N.Y. June 10, 2024) (granting a motion for compassionate release based primarily on the conditions at MDC for a defendant serving time for violating supervised release); *United States v. Santana*, No. 22-CR-368 (VM), 2024 WL 2275037, at *2 (S.D.N.Y. May 20, 2024) ("Given the severe prison conditions that prevail at the MDC (conditions that amount to imposing harsher punishments on prisoners), this Court and others have adjusted sentences of defendants in custody there for lengthy periods.").

3314420 (E.D.N.Y. Nov. 28, 2025) ("Rodriguez-Acurio's detention was unlawful from its inception because ICE detained her under the wrong statute and without any notice or opportunity to be heard"); and *Gopie v. Lyons*, No. 25-CV-05229 (SJB), 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) (post-arrest issuance of administrative arrest warrant and NTA meant that "ICE arrested Gopie when they had no authority to do so"). Indeed, ICE's arrest and detention of Petitioner was indisputably unlawful in at least four ways:

I.    *ICE Officers are Not Empowered to Effect Warrantless Arrests Under these Circumstances*

While ICE Officers have limited authority to effect warrantless arrests, such authority is proscribed to individuals "likely to escape before a warrant can be obtained." 8 U.S.C.A. § 1357; 8 C.F.R. 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained unless the person is likely to escape before a warrant can be obtained."). Such a claim has not and cannot be made here. Petitioner has a documented history of lawful interaction with immigration officials, obtained SIJ status, deferred action and work authorization, has worked and paid taxes, and has no criminal record. He was followed by immigration officers from his known residence on his way to work and, when confronted by officers, presented valid U.S. Government identification and was fully cooperative with the officers. No twist of logic or sophistry can transform him into a potential escapee.

EOIR – 54 of 63

45

Yet the officers, lacking a warrant or other legal process, arrested and jailed him (and his associates) nevertheless. Such an arrest, under 8 U.S.C. § 1357 and 8 C.F.R. 287.8(c)(2)(ii), was plainly illegal.[10]

II.     *Post-Arrest Issuance of an Administrative Arrest Warrant and Notice To Appear Does Not Cure the Illegal Arrest of Petitioner*

As in many cases, ICE officers "have openly admitted that they arrested the wrong man and that the administrative arrest warrant and related NTA were issued *after* the arrest in question." *Garcia Lanza* at 9-10; DE 13 at 2 (acknowledging that arrest warrant and NTA issued after arrest). Courts nationwide have repeatedly rejected this manifestly illegal practice by ICE officers with little effect. *Garcia Lanza* at 10 (collecting cases); *cf. J.R.R. v. Genalo*, No. 26-CV-1245 (PKC), 2026 WL 691803, at *3 (E.D.N.Y. Mar. 11, 2026) (questioning ICE detention authority "where Petitioner has no removal proceedings pending."). Yet, the officers' testimony confirmed that this illegal practice has become standard procedure for ICE enforcement efforts in this district. Tr. 37.

III.    *Individuals with SIJS, Grants of Deferred Action and Valid Work Authorizations Are Not Subject to Arrest*

As the recipient of an unexpired period of deferred action and a valid work authorization from USCIS – by which the agency committed to take no steps to effect his removal and permitted him to work in the U.S. – Petitioner could not lawfully be arrested and detained by ICE, particularly in absence of changed circumstances and

---

[10]    Respondents cling to the argument regarding detention authority under 8 U.S.C. §1226(a). DE 13 at 2-3. Given the facts of this case, "the 1225/1226 distinction argument misses the mark entirely." *Garcia Lanza*, 2026 WL 585130 at *6.

EOIR – 55 of 63

4 6

without notice or opportunity to be heard. *Garcia Lanza*, 2026 WL 585130 at *4-5.[11]

Notably, while Respondents continue to contend that revocation of deferred action lies

within their discretion, it seems that such discretion resides with USCIS, not ICE, and

therefore could not be revoked by the ICE officers. *Compare USCIS Policy Manual*, Vol.

6, Part J, Ch. 4 (G)(1) [https://perma.cc/LPQ6-NC46] ("If USCIS previously granted

deferred action to an alien with SIJ classification in the exercise of discretion, the alien's

deferred action remains valid for the authorized period, unless terminated by USCIS")

*with* Tr. 20 ("the deferral part is what has, you know, become confusing . . . but he's still

coming into custody") *and* Tr. 44 (deferred action "means we can't remove him at that

time, you know, they won't be able to be removed from the United States until we clear

up that deferred action.").

IV.    *Post-Arrest Efforts to Revoke Petitioner's Deferred Action and Work Authorization is Retaliatory, Discriminatory and Unconstitutional*

Respondents' post-arrest efforts to summarily revoke Petitioner's deferred action

and work authorization violates his rights under statute, regulations and the Due

Process clause. *Garcia Lanza*, 2026 WL 585130 at *6-9; *see J.R.R.*, 2026 WL 691803, at *4

---

[11] On this motion, Respondents nip at the edges of the Court's rulings, contending that SIJ status does not constitute "parole" for the purposes of providing freedom from arrest and detention. DE 13 at 3 (arguing, without authority, that the reference to "parole" §1255(h) is limited to adjustment and "is not deemed to be the equivalent of parole for any other purposes."). The thought is, then, that USCIS may award SIJ status, deferred action and work authorization to individuals, but ICE can arrest and jail them upon sight. This would be the equivalent of permitting police to imprison licensed drivers for operating a motor vehicle without a license. Ultimately, the Court's construction of "parole" matters little, as the ICE officers testified that individuals who have been paroled were subject, under ICE's current practice, to arrest and detention. Tr. 40-49.

EOIR – 56 of 63

("the Court is concerned about the abrupt revocation of Petitioner's deferred action and how that revocation could impact his work authorization."). In a similar context, the Second Circuit has emphasized "the importance of notifying affected parties of material changes in their proceedings and statuses and of giving them an opportunity to respond. This is true for any legal proceeding, but is a particular and continuing concern for immigrants throughout the multistep administrative process." *Mantena v. Johnson*, 809 F.3d 721, 724 (2d Cir. 2015). To the extent Respondents claim that such measures represent an exercise of discretion, that exercise remains unexplained, and "not only violate[s] statutory and regulatory protections, but [is] pretextual, discriminatory, arbitrary and capricious so as to run afoul of constitutional protections." *Garcia Lanza*, 2026 WL 585130 at *9.

### B. Respondents Must Address the Lack of Proper Training, Practices and Procedures within ICE.

While the facts elicited about the arrest and detention of Petitioner are brutal and unacceptable, the evidence highlights a more systemic concern: the officers who testified – all sworn to uphold the law – proved unaware of and oblivious to the requirements of the law. Their authority to effect arrests is predicated upon "successful complet[ion of] basic immigration law enforcement training." 8 C.F.R. §287.5 (c) (1). Importantly, these officers were not "rookies" – each had more than a decade's experience in immigration enforcement. The combination of the officers' lack of training and preparation and the extraordinary pressure to exponentially increase the number of immigration arrests results in a proverbial recipe for disaster. The

EOIR – 57 of 63

48

byproduct is as unfortunate as it was foreseeable: arrest and detention practices that violate the law, regulations and Constitution of the United States.

Ultimately, responsibility does not lie at the doorstep of the officers who testified.[12] Rather, it falls to Respondents in this case, as well as agency counsel, all of whom bear the duty to uphold the law. Irrespective of what one might believe about the wisdom of immigration policies adopted by this Administration, Respondents must ensure that these policies are implemented lawfully.[13]

In decision after decision, judges have called out illegal practices by ICE.[14] And yet the officers who testified here revealed an astonishing lack of awareness of their

---

[12] While ICE officers apparently lack the knowledge and training necessary to lawfully carry out their responsibilities, significant – and perhaps unrealistic – expectations have been placed upon them. It is widely reported that ICE officers are expected to effect thousands of arrests per day. That these demands have overwhelmed the resources available to them has already been made clear to this Court in a related case. *Clarke v. U.S. Dep't of Homeland Sec.*, No. 25-CV-6773 (GRB), 2025 WL 3674471 (E.D.N.Y. Dec. 18, 2025) (involving the conversion of part of the Courthouse in which this Court presides into a makeshift and illegal prison facility).

[13] "While the Executive Branch retains the right – as it has done – to set policy regarding immigration matters, it is forbidden from trampling our system of laws – a system which has safeguarded this nation for close to 250 years." *Garcia Lanza*, 2026 WL 585130 at *1; *Mejia Huerta v. Noem*, No. 26-CV-01248 (MMG), 2026 WL 555014, at *4 (S.D.N.Y. Feb. 27, 2026) ("Regardless of one's views about the wisdom of policies adopted by DHS regarding mass arrests and removals of non-citizens, every American should expect and demand that, at a minimum, Government agencies follow the Constitution, the law, and their own regulations when doing so.")

[14] Some district courts have been compelled to issue injunctions and similar relief to ensure ICE's future compliance with law. *See, e.g., U.H.A. v. Bondi*, No. 26-417 (JRT) (DLM), 2026 WL 558824 (D. Minn. Feb. 27, 2026) (enjoining detention of any individual with refugee status and no criminal record who is awaiting adjustment to

duties under the law, while ICE has seemingly developed workaday procedures that fail to account for legal requirements. Law enforcement officers cannot uphold laws of which they are unaware or do not understand. Respondents, charged with enforcing the laws of this nation, cannot ignore the scores of decisions which they have unsuccessfully litigated before this Court and others, without taking action to ensure that their agents and agencies are not acting in contravention of the law.[15]

Respondents must review the arrest and detention practices being utilized by ICE in this judicial district as well as the training provided to its officers. These matters must be addressed and, as appropriate, remediated by Respondents forthwith. As such, the Court will direct Respondents' counsel to provide a filing within 21 days from the date of this Order, identifying the steps that will be taken to ensure that future ICE enforcement actions within the Eastern District of New York shall be conducted in a

---

lawful permanent resident status); *Mercado v. Noem*, 25-CV-6568, 800 F. Supp. 3d 526 (S.D.N.Y. 2025) (preliminary injunction issued to remediate unconstitutional conditions of confinement at 26 Federal Plaza); *Mira Castro v. Noem*, No. 2:26-CV-696 (NJC), 2026 WL 369713 (E.D.N.Y. Feb. 10, 2026) (enjoining the re-detention and denial of bond in any subsequent proceeding brought against the petitioner); *A.R. v. Noem*, No. 5:25-CV-03565 (MEMF) (PVC), 2026 WL 194850 (C.D. Cal. Jan. 26, 2026) (ordering that petitioner with SIJ status be released from custody and not re-detained without notice and an opportunity to be heard on the termination of petitioner's deferred action).

[15] In their response, Respondents point to a case on appeal before the Second Circuit. DE 13, n.1 (citing *Cunha v. Freden*, No. 25-CV-6532 (MAV), 2025 WL 3280575, at *1 (W.D.N.Y. Nov. 25, 2025)). The appeal seems limited to the issue of whether the Government's detention authority in that case derives from § 1225 or § 1226, yet this Court has already ruled that the issue is not dispositive of the many issues presented here. *Garcia Lanza*, 2026 WL 585130 at *6. For example, the decision in *Cunha* explicitly did not reach the petitioner's due process claim. 2025 WL 3280575, at *7.

EOIR – 59 of 63

50

lawful manner, specifically with regard to the matters described in paragraphs A.I through A.IV above. *See Clarke v. U.S. Dep't of Homeland Sec.*, 2025 WL 3674471, at *9 (requiring respondents' counsel to "identify[ ] the steps that will be taken to address these matters and ensure compliance with the law going forward"); *In re 21st Birthday Denials of Special Immigrant Juv. Status Applications by USCIS*, 637 F. Supp. 3d 23, 37 (E.D.N.Y. 2022) (directing defendants to "[d]escribe the steps" they have taken to "ensure USCIS's compliance with the law and its own regulations" regarding SIJS applicants).

### Conclusion

Based on the foregoing, it is hereby Ordered as follows:

1. The petition is granted provisionally pending further proceedings described herein;

2. The Court's previous order setting terms and conditions of release shall remain in effect until the resolution of all matters associated with this case. The parties may request modification of these terms and conditions upon good cause shown. Any additional terms and conditions of release imposed by ICE were unauthorized and shall not be binding upon Petitioner;

3. The purported revocation of Petitioner's period of deferred action and work authorization are deemed vacated and without force and effect. ICE is directed to locate and return Petitioner's work authorization card forthwith;

EOIR – 60 of 63

51

4.  Within 21 days of the date of this Order, Respondents are to advise this Court of the steps that will be taken to ensure that future ICE enforcement actions within the Eastern District of New York shall be conducted in a lawful manner, particularly with regard to the matters described in paragraphs A.I through A.IV above; and

5.  Any application for attorney's fees and costs under the Equal Access to Justice Act shall await the conclusion of the proceedings in this matter.

Dated: March 16, 2026
     Central Islip, New York

                        SO ORDERED.


                        */s/ Gary R. Brown*
                        GARY R. BROWN
                        United States District Judge

EOIR – 61 of 63

52

# H

EOIR – 62 of 63

# CERTIFICATE OF SERVICE

CASE NAME: SANCHEZ-ALFARO, WILLIAM ENRIQUE       **A# 215-774-963**

I, David M. Sperling, Esq., HERBY CERTIFY that on this date: March 25, 2026

I caused:           Immigration and Customs Enforcement
                   Office of the Principal Legal Advisor

MOTION TO TERMINATE REMOVAL PROCEEDINGS BASED ON APPROVED I-360 WITH DEFERRED ACTION AND VISA NUMBER IMMEDIATELY AVAILABLE FOR ADJUSTMENT OF STATUS with associated documents.

(Check one)

☐        By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid and depositing the same with the United States Postal Service to the person at the address set forth above.

☐        By scanning and sending an exact electronic copy, through ICE's E-Service, to the above-mentioned Office of the Principal Legal Advisor.

☒        No service needed. This document was filed electronically, and the opposing party is participating in ECAS.

I declare under the penalty of perjury that the foregoing is true and correct.

David M Sperling., Esq,

# Appendix #3



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**NEW YORK - VARICK IMMIGRATION COURT**

Respondent Name:

    SANCHEZ-ALFARO, WILLIAM
ENRIQUE

To:

    Sperling, David M
    81 Carleton Ave.
    Central Islip, NY 11722

A-Number:
215-774-963
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
05/07/2026

### ORDER OF THE IMMIGRATION JUDGE

☑ Respondent ☐ the Department of Homeland Security has filed a motion to terminate these proceedings, and the non-moving party was accorded notice and an opportunity to respond. The motion is ☐ opposed ☑ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to terminate is ☐ granted ☐ with ☐ without prejudice ☑ denied because:

☐ The Department of Homeland Security ☐ met ☐ did not meet its burden of proving by clear and convincing evidence that Respondent is removable as charged. 8 C.F.R. § 1240.8(a).

☐ Respondent ☐ met ☐ did not meet the burden of proving that Respondent is clearly and beyond a doubt entitled to admission to the United States and is not inadmissible as charged. 8 C.F.R. § 1240.8(b)-(c).

☑ Other.

☑ Further analysis/explanation:

Respondent is eligible to seek adjustment with the Court.



Immigration Judge: DECURE, JOHN 05/07/2026

Appeal: Department of Homeland Security: ☐ waived ☐ reserved
Respondent: ☐ waived ☐ reserved
Appeal Due:

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : SANCHEZ-ALFARO, WILLIAM ENRIQUE | A-Number : 215-774-963
Riders:
Date: 05/07/2026 By: Sepe, Natalie, Court Staff

LEAD FILE: 215-774-963
IN REMOVAL PROCEEDINGS
DATE: Mar 24, 2026
EAD Clock:

TO: Law Offices of David M. Sperling
    Sperling, David M
    81 Carleton Ave.
    Central Islip, NY  11722

RE: 215-774-963 SANCHEZ-ALFARO, WILLIAM ENRIQUE

### Notice of Internet-Based Hearing

Your case has been scheduled for a MASTER hearing before the immigration court on:

    Your hearing is not in person. You will access your hearing by using the web page below.
    URL: https://eoir.webex.com/meet/IJ.John.DeCure

Date:        Sep 2, 2026
Time:        08:30 A.M. ET
Court Address: 201 VARICK ST., 5TH FL RM 507
        COURTROOM 2, NEW YORK, NY 10014

**Representation:** You may be represented in these proceedings, at no expense to the Government, by an attorney or other representative of your choice who is authorized and qualified to represent persons before an immigration court. If you are represented, your attorney or representative must also appear at your hearing and be ready to proceed with your case.  Enclosed and online at https://www.justice.gov/eoir/list-pro-bono-legal-service-providers is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the Department of Homeland Security establishes by clear, unequivocal, and convincing evidence that written notice of your hearing was provided and that you are removable, you will be ordered removed from the United States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including hearing notices, to you based on the most recent contact information you have provided, and your immigration proceedings can go forward in your absence if you do not appear before the court.  If your contact information is missing or is incorrect on the Notice to Appear, you must provide the immigration court with your updated contact information within five days of receipt of that notice so you do not miss important information. Each time your address, telephone number, or email address changes, you must inform the immigration court within five days.  To update your contact information with the immigration court, you must complete a Form EOIR-33 either online at https://respondentaccess.eoir.justice.gov/en/ or by completing the enclosed paper form and mailing it to the immigration court listed above.

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050**.

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

```
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL[M]   PERSONAL SERVICE[P]   ELECTRONIC SERVICE[E]
TO:   [   ] Noncitizen | [   ] Noncitizen c/o Custodial Officer |
      [E] Noncitizen ATT/REP | [E] DHS
DATE: _____Mar 24, 2026_____  BY:  COURT STAFF _____CB_____
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other  NH
```

Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.



Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

使用智能手机摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

# Appendix #4



# Immigration Court Backlog
### Historical Backlog (from 1998)

**through
March 2026**
*About the Data*

Immigration Court State
**New York**



| | | |
|---|---|---|
| **Select** | **Charge Type** | **Time Series** |
| ● Pending Cases | ● All Charges | ● Number |
| ○ Ave Days to Now | ○ Immigration | ○ Percent |
| | ○ Criminal/Nat. Sec./Terror | |

**Tables showing
Fiscal Year:** ⌄ 2026

| ⌄ Immigration Court State | | ⌄ Immigration Court | | ⌄ Nationality | |
|---|---:|---|---:|---|---:|
| All-2026 | 3,288,186 | All-2026, New York | 316,199 | All-2026, New York, New York | 238,655 |
| Florida | 518,639 | New York | 238,655 | China | 40,574 |
| Texas | 361,760 | New York - NYB | 42,852 | Ecuador | 35,160 |
| California | 348,273 | New York - NYV | 24,522 | Venezuela | 17,240 |
| New York | 316,199 | Buffalo | 9,698 | India | 16,784 |
| New Jersey | 230,090 | Batavia | 264 | Colombia | 11,039 |
| Illinois | 220,455 | Napanoch | 207 | Russia | 9,878 |
| Massachusetts | 149,449 | New York - DET | 1 | Bangladesh | 8,778 |
| Georgia | 131,294 | | | Uzbekistan | 8,692 |
| North Carolina | 125,587 | | | Georgia | 8,307 |
| Tennessee | 124,431 | | | Mexico | 6,579 |
| Pennsylvania | 84,418 | | | Guinea | 6,538 |
| Colorado | 73,236 | | | Guatemala | 5,784 |
| Indiana | 53,017 | | | El Salvador | 5,704 |



Transactional
Records
Access
Clearinghouse

Email Sign Up

© Copyright 2024 TRAC Reports, Inc.

 

# Appendix #5

Chartrisse A. Adlam, Esq.                                   NON-DETAINED
Attorney for Respondent
Law Offices of David M. Sperling
81 Carleton Ave.
Central Islip, NY 11722

### UNITED STATES DEPARTMENT OF JUSTICE
### EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
### IMMIGRATION COURT – NEW YORK, NEW YORK

_____X

In The Matter Of:

**SANCHEZ-ALFARO, William Enrique**
**A215-774-963**

**In Removal Proceedings**
_____X

# MOTION TO RECONSIDER MOTION TO TERMINATE REMOVAL PROCEEDINGS WITHOUT PREJUDICE

# EVIDENCE COVER

<u>Documentation</u>                                                              <u>Page</u>

A.  Motion to  Reconsider  Motion to Terminate                       1-2

B.  I-360 Approval w/Deferred Action                                       3

C.  Proposed Order                                                               4

D.  Certificate of Service                                                          5

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT – NEW YORK, NEW YORK

_____X

In The Matter Of:

**SANCHEZ-ALFARO**, William Enrique
A215-774-963

In Removal Proceedings
_____X

## RESPONDENT'S MOTION TO RECONSIDER DENIAL OF MOTION TO TERMINATE

Respondent, through counsel, respectfully moves this Court to reconsider its prior decision denying Respondent's Motion to Terminate. In support, Respondent states as follows:

### I.  Procedural Background

Respondent previously moved to terminate proceedings to allow adjudication of his application for adjustment of status before USCIS. Notably, the Department of Homeland Security did not oppose the motion.

Despite the absence of opposition, the Court denied termination stating that the Respondent can adjust in court. Respondent now respectfully requests reconsideration in light of the practical posture of this case.

### II.  The Court Retains Broad Discretion to Terminate Proceedings Where They No Longer Serve a Meaningful Purpose

It is well established that Immigration Judges retain broad authority to manage their dockets and to terminate proceedings in appropriate circumstances. See Matter of Coronado Acevedo, 28 I&N Dec. 648 (A.G. 2022). Further, in Matter of W-Y-U-, 27 I&N Dec. 17 (BIA 2017) the Board emphasized that the central inquiry in exercising docket management authority is whether the continuation of proceedings serves a meaningful purpose.

Here, continued proceedings do not serve such a purpose. Respondent has an approved I-360, USCIS reissued the notice granting him Deferred Action and his priority date is current. Respondent is pursuing lawful permanent residence through adjustment of status, and termination would allow that process to proceed efficiently before USCIS.

### III.  DHS's Non-Opposition Underscores That Termination Is Appropriate

Critically, DHS did not oppose Respondent's motion to terminate. While the Court is not bound by DHS's position, the absence of opposition confirms that termination is not contrary to enforcement priorities and that there is no adversarial interest in maintaining proceedings. Where a motion is unopposed, it is routinely treated as non-adversarial and may be granted in the interest of efficiency and fairness.

## IV.     Continued Proceedings Would Result in Unnecessary Delay and Inefficiency

The next hearing in this matter is not scheduled until September 2026 and is only a master calendar hearing. Given current court backlogs, it is likely that the case will continue further, potentially delaying resolution for a year or more. Maintaining proceedings under these circumstances: does not advance removal, does not serve judicial economy, and unnecessarily delays adjudication of relief for which Respondent is eligible. More importantly, the Priority Date is CURRENT now. There is always a risk of the Visa bulletin Regressing and then the Respondent would lose the ability to adjust.

By contrast, termination would allow immediate continuation of the adjustment process before USCIS without burdening the Court's already congested docket.

## V.     Reconsideration Is Warranted

Reconsideration is appropriate where the Court may have overlooked material facts or controlling considerations. Here, the combination of DHS's non-opposition, Respondent's eligibility to pursue relief before USCIS, and the lack of any meaningful purpose served by continued proceedings warrants revisiting the prior decision.

## VI.     Conclusion

For the foregoing reasons, Respondent respectfully requests that the Court reconsider its prior decision and grant Respondent's Motion to Terminate.

Respectfully submitted,

Chartrisse A. Adlam, Esq.
Counsel for Respondent



| Receipt Number | | Case Type |
|---|---|---|
| MSC2191582354 | | I360 - PETITION FOR AMERASIAN, WIDOWER, OR SPECIAL IMMIGRANT |
| Received Date 07/12/2021 | Priority Date 07/12/2021 | Petitioner A215 774 963 SANCHEZ ALFARO , WILLIAM ENRIQUE |
| Notice Date 03/30/2026 | Page 1 of 1 | Beneficiary A215 774 963 SANCHEZ ALFARO , WILLIAM ENRIQUE |

| | |
|---|---|
| LAW OFFICES OF DAVID M SPERLIN<br>c/o MICHAEL D NAPPO<br>81 CARLETON AVE<br>CENTRAL ISLIP NY 11722 | Notice Type: Approval Notice<br>Class: SL6<br>Section: Special Immigrant-Juvenile |

Amended I-797 Approval Notice for Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, with Deferred Action.

USCIS previously approved your Form I-360. This Amended Approval Notice adds a grant of deferred action to the previous approval.

**Grant of Deferred Action:**

The above referenced Form I-360, filed by you, was approved on 04/22/2022. This notice is supplemental to the approval notice previously sent to you. USCIS approved your Form I-360, but you do not yet have an available visa to file an application for adjustment of status. USCIS has determined that you warrant a favorable exercise of discretion to receive deferred action. As a result, you have been placed in deferred action and you may be issued an employment authorization document. Deferred action is an act of administrative convenience to the government which gives some individuals lower priority for removal from the United States for a specific period of time. **Your grant of deferred action will remain in effect for a period of four years from the date it was first granted, unless terminated earlier by USCIS.**

Pursuant to 8 CFR Sec. 274a.12(c)(14), an alien with approved deferred action is eligible to apply for employment authorization with the appropriate fee. If you would like to apply for employment authorization, you must properly file Form I-765, Application for Employment Authorization and enter eligibility category (c)(14). If you file Form I-765, you will receive separate correspondence regarding the adjudication of your Form I-765.

If you are represented by an attorney, all further correspondence should be accompanied by Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative.

USCIS will notify you separately about any other cases you have filed.

**This form is not a visa, nor may you use it in place of a visa.**

**This form does not constitute employment authorization, nor may you use it in place of an Employment Authorization Document.**

| |
|---|
| Please see the additional information on the back. You will be notified separately about any other cases you filed. |
| USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online. |
| National Benefits Center<br>U.S. CITIZENSHIP & IMMIGRATION SVC<br>P.O. Box 648003<br>Lee's SummitMO64002<br>USCIS Contact Center: www.uscis.gov/contactcenter |



3

# UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## IMMIGRATION COURT – NEW YORK, NEW YORK

_____X

In The Matter Of:

SANCHEZ-ALFARO, William Enrique
A215-774-963

In Removal Proceedings

_____X

## MOTION TO TERMINATE REMOVAL PROCEEDINGS WITHOUT PREJUDICE

ON BEHALF OF DHS:
Immigration and Customs Enforcement
Office of the Chief Counsel
26 Federal Plaza, #1130
New York, NY 10278

ON BEHALF OF RESPONDENT:
Chartrisse A. Adlam, Esq.
Law Offices of David M. Sperling
Central Islip, NY 11722

### ORDER

Respondent's motion to TERMINATE Proceedings without prejudice is hereby
GRANTED/DENIED.

DONE AND ORDERED this _____ day of _____, 20_____, at the
United States Immigration Court, NEW YORK, NY.

_____
U.S. Immigration Judge

4

# CERTIFICATE OF SERVICE

CASE NAME: **SANCHEZ-ALFARO, William Enrique**
              A215-774-963

I HEREBY CERTIFY that

I caused          Immigration and Customs Enforcement
                  Office of the Chief Counsel
                  26 Federal Plaza – #1130
                  New York, NY 10278

To be served the:

## MOTION TO RECONSIDER MOTION TO TERMINATE REMOVAL PROCEEDINGS WITHOUT PREJUDICE

(Check one)

X___          EROP

X____         by placing a true copy thereof enclosed in a sealed envelope, with postage
              thereon fully prepaid and depositing the same with the United States Postal
              Service to the person at the address set forth above.

I declare that the foregoing is true and correct. Executed on May 8, 2026

_____
Signature