UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WILLIAM ENRIQUE SANCHEZ
ALFARO,

                   Petitioner,

           v.

MARKWAYNE MULLIN, Secretary, U.S.
Dep't of Homeland Security, *et al*.

                 Respondents.

-------------------------------------------------------x

**MEMORANDUM & ORDER**
Civil Action No.
26-0766 (GRB)

**FILED**
**CLERK**
5/18/2026 3:56 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**GARY R. BROWN, United States District Judge:**

In two written opinions, incorporated herein by reference, this Court has described in detail the illegal and unconstitutional treatment suffered by petitioner William Enrique Sanchez Alfaro ("petitioner") at the hands of officers of Immigration and Customs Enforcement ("ICE"). *Sanchez Alfaro v. Mullin*, No. CV 26-0766 (GRB), 2026 WL 1142478 (E.D.N.Y. Apr. 27, 2026) ("*Sanchez Alfaro I*"); *Alfaro v. Mullin*, No. 26-0766 (GRB), 2026 WL 734348 (E.D.N.Y. Mar. 16, 2026) ("*Sanchez Alfaro II*").

Based on findings that ICE officers had arrested individuals with valid work authorization, deferred action and/or U Visas, and related constitutional and statutory issues, the Court provisionally granted Sanchez-Alfaro's petition, ordered certain relief and directed the respondents "to advise this Court of the steps that will be taken to ensure that future ICE enforcement actions within the Eastern District of New York shall be conducted in a lawful manner, particularly with regard to" the specific issues identified by the Court. *Sanchez Alfaro I,* 2026 WL 734348, at *7. Respondents obtained an adjournment, then filed a motion to reconsider, which the Court rejected, again

directing respondents "to advise this Court of the steps that will be taken to ensure that future ICE enforcement actions within the Eastern District of New York shall be conducted in a lawful manner . . . such that petitioner will not be subject to further illegal or unconstitutional stops, arrests, detention or retaliatory conduct." *Sanchez Alfaro*, 2026 WL 734348, at *7.

### Response and Commitments by ICE

Respondents filed their response on May 11, 2026. DE 26. In that response, respondents have committed to several actions which, taken together, would allay the concerns raised in *Sanchez Alfaro I* and *II*. As such, the Court will enter an Order codifying these commitments.

### 1. Commitment Not to Re-Detain Petitioner

To begin, ICE confirmed that it will not re-detain petitioner for the purpose of a civil immigration enforcement action, absent petitioner's involvement in a felony or other act subject to 8 U.S.C. § 1226(c) or the issuance of a final removal order under 8 U.S.C. §1231(a). Given the factual record in this case (and similar cases) regarding ICE's enforcement practices, this representation, standing alone, would not sufficiently reassure the Court. *See, e.g., Parada Cruz v. Mullin*, No. 26-CV-1110 (SJB), 2026 WL 1027441, at *4 (E.D.N.Y. Apr. 16, 2026) ("ICE agents have been arresting individuals in this District and figuring out the reasons afterwards.").

Thus, as respondents recognize, something more than that representation is required to ensure that petitioner is not subject to rearrest and further violations. DE 26 at 1 (positing "in the hypothetical event Petitioner were to be redetained.").

Fortunately, in their response, respondents do identify additional commitments that would help ensure petitioner's rights are protected.

### 2. *ICE's Position Concerning Warrantless Arrests*

In addressing the Court's holdings concerning "Unauthorized Warrantless Arrest/Post Arrest Issuance," respondents set forth that it is ICE's position that:

> **a warrant of arrest shall be obtained** except when an immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained in accordance with 8 C.F.R. § 287.8(c)(2)(ii).

DE 26 at 1 (emphasis added). This seems to represent a departure from ICE's existing practices, a determination that may have been influenced by recent developments in the law. Respondents note that:

> since the issues that arose in this case, the legal landscape has changed, in that the Second Circuit recently held, in *Da Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. April 28, 2026), that 8 U.S.C. § 1225(b)(2)(A) does not apply to aliens who are present in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry. Rather, the Second Circuit ruled that 8 U.S.C. § 1226(a) applies. Respondents acknowledge that *Da Cunha* now controls in this Circuit and Respondents confirm that they will comply with that decision as long as it remains binding authority in this Circuit.

DE 26 at 2.[1] Respondents also identify a class action challenging "warrantless arrests" by ICE, further highlighting that such a policy guarantee is appropriate. DE 26 at 1-2 (citing *Benitez et al. v. U.S. Department of Homeland Security et al.*, No. 2:26-CV-2082 (SJB)(JMW).

The Court presumes that this representation by respondents refers to a valid[2] warrant obtained in advance of an arrest, as this Court (and many others) have already repeatedly proscribed as plainly illegal the practice of issuing warrants post-arrest or prior to the commencement of removal proceedings. *Sanchez Alfaro I*, 2026 WL 734348, at *4–5.

The entry of an Order codifying ICE's position is further justified by the fact that this commitment is coextensive with—and no greater than—the statutory requirements of 8 U.S.C. §1357, which limits immigration officers' arrest authority to certain prescribed circumstances.

---

[1] While this Court has repeatedly noted that the Constitutional and statutory violations found in this case exist irrespective of whether the arrest was effected pursuant to §1225 or §1226, the disposition in *Da Cunha* further underscores the requirement that immigration arrests proceed subject to a valid warrant. *See Sanchez Alfaro I*, 2026 WL 734348, at *5 ("Given the facts of this case, the 1225/1226 distinction argument misses the mark entirely"); *cf. Garcia Lanza*, 2026 WL 585130 at *6 (same).

[2] In this regard, it is concerning that one judge has already documented a post-*Cunha* arrest by an ICE agent using a facially invalid warrant predicated upon a false statement and use of an I-200 arrest warrant that was legally invalid. *Yeleshev v. LaRocco*, No. 26-CV-2294 (SJB), 2026 WL 1353806, at *8 (E.D.N.Y. May 14, 2026). In light of respondents' commitment, which this Court is hereby codifying into an Order, it would behoove respondents to ensure that adequate training and policies are being provided to ICE agents to ensure that future violations do not occur.

Generalized "follow the law" injunctions are impermissible under Fed. R. Civ. P. 65(d). *See, e.g.,* S.C. *Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) ("an injunction must be more specific than a simple command that the defendant obey the law"). By contrast, the Order here (taken from respondents' submission) – that before effecting an arrest in this district, ICE officers must first obtain a valid warrant – is sufficiently "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." *Id.* at 240–41; *see Mejia Huerta v. Noem*, No. 26-CV-01248 (MMG), 2026 WL 555014, at *4 (S.D.N.Y. Feb. 27, 2026) ("Regardless of one's views about the wisdom of policies adopted by DHS regarding mass arrests and removals of non-citizens, every American should expect and demand that, at a minimum, Government agencies follow the Constitution, the law, and their own regulations when doing so.").

The Court finds that ICE's position—to wit: that its officers will make no arrests in the Eastern District of New York absent securing in advance a valid administrative or judicial warrant (except where the "escape" provisions of 8 C.F.R. § 287.8(c)(2)(ii) are satisfied)—serves to satisfy respondents' "burden to establish that [they] cannot reasonably be expected to resume [their] challenged conduct." *Sanchez Alfaro II*, 2026 WL 1142478, at *9 (quoting *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 243 (2024)). Respondents' adherence to this position will help ensure that "the statutory and constitutional violations will [not] recur as to this specific petitioner."[3] *Id.* at *8. This

---

[3]  Of course, if respondents fail to comply with the commitments made herein, the Court will have to consider additional remedial measures.

Order, codifying ICE's own commitment to this Court, "might have the *practical effect* of benefiting nonparties." *Trump v. CASA, Inc.*, 606 U.S. 831, 852 (2025); *Vasquez Perdomo v. Noem*, 148 F.4th 656, 688 (9th Cir. 2025) ("district-wide TRO is necessary to provide complete temporary relief to the Plaintiffs with standing"); *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501–02 (9th Cir. 1996) (approving injunction regarding police actions against all motorcyclists, rather than named 14 plaintiffs, because "it is unlikely that law enforcement officials who were not restricted by an injunction governing their treatment of all motorcyclists would inquire before citation into whether a motorcyclist was among the named plaintiffs or a member of Easyriders, the plaintiffs would not receive the complete relief to which they are entitled without statewide application."). Because respondents, despite repeated invitation, have offered no other alternatives, codifying respondents' own position falls well within the "considerable latitude" afforded reviewing courts employing the "equitable and flexible nature of habeas relief." *Velasco Lopez*, 978 F.3d at 855.

### 3. Remediating Retaliatory Acts

Respondents have advised that USCIS has rescinded its termination of petitioner's deferred action and work authorization, and that petitioner is entitled, subject to certain filings, to apply for extended work authorization.  DE 26 at 2-3.  USCIS has further indicated that it will not take steps to again terminate his deferred action and work authorization, and that he is now eligible to register for a visa as a permanent resident.

*Conclusion*

Based on all of the findings in this case, the Court hereby grants the petition and, predicated upon respondents' commitment to do so, the Court hereby ORDERS the following:

1. Respondents will not re-detain petitioner for the purpose of a civil immigration enforcement action, absent petitioner's involvement in a felony or other act subject to 8 U.S.C. § 1226(c) or the issuance of a final removal order under 8 U.S.C. §1231(a).

2. Before effecting a civil immigration arrest in this judicial district, ICE shall obtain a valid warrant of arrest in advance, except when an immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained in accordance with 8 C.F.R. § 287.8(c)(2)(ii).

3. USCIS will not take steps to again terminate petitioner's deferred action and work authorization, unless subject to the exceptions articulated herein.

Dated: May 18, 2026
Central Islip, New York

SO ORDERED.

*/s/ Gary R. Brown*
GARY R. BROWN
United States District Judge