UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
WILLIAM ENRIQUE SANCHEZ ALFARO,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Dept. of Homeland Security, *et al.*

Respondents.

---------------------------------------------------x

**ORDER**

Civil Action No. 26-0766 (GRB)

FILED
CLERK
11/19/2026 2:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge:**

Lawyers owe a duty of candor to tribunals. A corollary of that duty is the expectation that parties maintain consistent positions in litigation. Those expectations can be heightened in matters of import involving federal officials. "[P]articularly when so much is at stake, …. 'the Government should turn square corners in dealing with the people.'" *Garcia Lanza v. Noem*, 822 F. Supp. 3d 326, 338 (E.D.N.Y. 2026) (quoting *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020)).

These principles may now bear on this case. Before another judge of this Court, respondents fundamentally misrepresented this Court's Judgment, baselessly claiming that the effect of the injunction imposed here was expressly limited to the petitioner. The Court must now inquire into respondent's explanation for that mischaracterization, whether there has been violation of the injunction and whether ICE misrepresented its practices to this Court in the first instance.

Without belaboring the record here, this Court previously found that ICE had egregiously violated the Constitution, statutes and regulations through its patently illegal arrest and detention practices. *See Sanchez Alfaro v. Mullin*, 2026 WL 734348, at *3 (E.D.N.Y. Mar. 16, 2026) (incorporating *Garcia Lanza v. Noem,* No. 26-CV-29 (GRB), 831 F. Supp. 3d 177, 2026 WL 585130, at *1 (E.D.N.Y. Mar. 3, 2026)). To obviate consideration by this Court as to appropriate remedies that might be imposed, respondents represented in court filings that ICE had adopted a policy, to wit:

> a warrant of arrest shall be obtained except when an immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained in accordance with 8 C.F.R. § 287.8(c)(2)(ii).

DE 26 at 1. Foregoing consideration of additional remedies for the very serious violations uncovered, the Court codified ICE's position in an injunction providing, in relevant part, as follows:

> Before effecting a civil immigration arrest in this judicial district, ICE shall obtain a valid warrant of arrest in advance, except when an immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained in accordance with 8 C.F.R. § 287.8(c)(2)(ii).

*Alfaro v. Mullin*, 2026 WL 1382985, at *3, and entered Judgment on May 19, 2026, providing the same. DE 30. No motion for reconsideration or clarification was filed by respondents with respect to that Order or the Judgment entered and no appeal was taken. The time to do so has long since expired.

In *Benitez et al. v. U.S. Department of Homeland Security et al.,* No. 2:26-cv-2082-SJB-JMW, a closely related class action,[1] plaintiffs have accused respondents of maintaining a warrantless arrest policy that does not require consideration of the escape exception. *Benitez*, DE 110. In response to an inquiry about whether the alleged conduct violated the injunction in this case, counsel for respondents represented to Judge Bulsara that the effect of the injunction imposed here was "expressly" limited to the petitioner. *See Benitez*, DE 111 at 2 ("Each of these directives is limited to future conduct involving only the *Alfaro* petitioner.") and 3 (terms of injunction "expressly apply to Alfaro only"). The history of this matter, the commitments made by ICE in this case to avoid further scrutiny and the plain terms of the injunction all belie these representations. DE 29, 30; *cf. Benitez*, Tr. of Proceedings dated November 9, 2026 at 11 ("[T]here is zero doubt that Judge Brown imposed an injunction that went well beyond petitioner Alfaro and extended to future ICE activity within the Eastern District.").

The questions squarely raised by this filing include whether respondents attempted to mislead this Court in the first instance and whether they have failed to comply with their obligations under the injunction. Therefore, in 14 days from the date of this Order, respondents are hereby ORDERED to make a filing indicating the following:

---

1 Not only did respondents refer the undersigned to *Benitez* when arguing this case, *see* DE 27 at 2, petitioner Garcia Lanza, the petitioner in a decision incorporated herein, is one of the representative plaintiffs in the class action.

1. Whether ICE developed and devised a policy or "position" as set forth in DE 26 that "a warrant of arrest shall be obtained" prior to effecting arrests with the exception of the escape provision contained in 8 C.F.R. § 287.8(c)(2)(ii).
2. If the answer to question 1 is affirmative, when and how such policy was implemented and communicated to its officers.
3. The efforts taken to implement the injunction issued on May 19, 2026.
4. Whether, since Judgment was entered on May 19, 2026 to the present, ICE has made any arrests in this judicial district without first obtaining an arrest warrant, excluding instances in which an immigration officer had reason to believe that the person was likely to escape before a warrant can be obtained in accordance with 8 C.F.R. § 287.8(c)(2)(ii), and
5. If the answer to question 4 is in the affirmative, the number of such warrantless arrests that have been made during the time period from May 19, 2026, to the present in this judicial district.

Respondents may serve and file additional information that reasonably bears on these questions. The responses to these questions shall be made via sworn declaration, though counsel may serve and file a memorandum or letter brief along with such declaration(s).

Counsel for petitioner and amicus counsel may respond one week thereafter.

Dated: November 19, 2026
Central Islip, New York

SO ORDERED.

*/s/ Gary R. Brown*
GARY R. BROWN
United States District Judge